SAN ANTONIO & A. P. RY. CO. v. MULLAN et al. (No. 5666.)[*]

(Court of Civil Appeals of Texas. San Antonio. May 3, 1916. Rehearing Denied June 7, 1916.)

TRIAL &#x229C;395(1)—DUTIES OF JUDGE—FINDINGS OF FACT.

The trial judge should not be and is not required in making his findings of fact to go into minute details as to damage at various times to a number of crops as embraced in 84 submitted questions; such a requirement being conducive to obstruction of justice.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 927; Dec. Dig. &#x229C;395(1).]

Appeal from District Court, Aransas County; F. G. Chambliss, Judge.

Action by H. W. Mullan and others against the San Antonio & Aransas Pass Railway Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Kleberg & Stayton and David M. Picton, Jr., all of Corpus Christi, for appellant. John B. Eddins and E. A. Stevens, both of Rockport, and Wm. H. Russell, of San Antonio, for appellees.

FLY, C. J. This is a suit to recover damages alleged to have accrued on account of the negligence of appellant in not building proper and sufficient culverts or sluices through its railroad embankment, so as to allow the surface water to drain in the natural way from appellees' land, and causing the water to stand on said land in the years 1913, 1914, and 1915, for a long time, and causing injury and damage to the crops and soil in the sum of $2,070. The cause was tried by the court, without a jury, and resulted in a judgment in favor of appellees for $850.

Appellant requested the judge to file his

conclusions of fact and law, which he did, and this case is before this court on those conclusions, no statement of facts having been filed. Appellant asked for additional findings of fact, which were refused, and such refusal was duly excepted to by appellant. The refusal to find additional facts is the only matter complained of in the brief of appellant.

It was alleged in the petition that in 1913 appellees had crops destroyed by water thrown upon their land, through the negligence of appellant, consisting of one-half acre of bunch beans, one-half acre of black-eyed peas, one-half acre of pepper, one-half acre of onions, and an acre of beets, to appellees' damage in the sum of $235. Again in the spring of 1914 it was alleged that appellees had lost by water pepper, cucumbers, tomatoes, beans, squashes, and that 28 fig trees were destroyed and 10 fig trees damaged, by which appellees were damaged in the sum of $1,345. In the fall of 1914 and spring of 1915, appellees were prevented by the water from planting and cultivating an acre in pepper by which they were damaged in the sum of $200, and permanently injured the land in the sum of $100 and damaged their corn in the sum of $40. The court found for a lump sum without indicating the amount for each year or the amounts for the vegetables separately or together, or the amount for the fig trees, although he found that the vegetables and fig trees were destroyed.

After the findings of the judge were filed appellant presented the request to answer in additional findings 84 questions. These questions went into the minutest detail as to the direction of the natural drainage of appellees' land, as to whether the railroad dump obstructed the natural flow of surface water, whether if the dump had not been present the crops would have been damaged, and then these ideas are applied to each crop of beans, pepper, peas, beets, onions, tomatoes, figs, and corn, and the value of each crop is asked, whether there was any market for each of them, and what it would cost to prepare each crop for market. These questions were all on one paper and amounted to a rigid cross-examination of the trial judge on his findings of fact. The questions might probably be appropriate if addressed to a stubborn and refractory witness, but would hardly apply to a district judge in finding facts. He is not required to go into minute details as to the evidence, and while it might be entertaining to the party cross-examining the judge, it would be inappropriate for him to go into details that would cover the whole of the evidence. If any of the questions were appropriate, it was not the province of the judge to go into a mass of questions about vegetables and fruits, and cull therefrom those he would answer. The sufficiency of the evidence to sustain the judgment is not questioned, but the naked question is presented as to whether the judge should have answered the mass of questions presented. To hold that he should have spent his time in going into minute details as to how many beets, peppers, tomatoes, and figs appellees might have raised and the market value of each, would be to place in the hands of litigants a means of clogging the way of the courts and obstructing the due administration of justice.

The judge in this case found on every fact material or essential to the attainment of justice, and appellant fails to show how it would be benefited by additional findings. In fact, it is not contended that the judgment is excessive or that appellant could possibly be injured by a failure to answer the cross-questions propounded to the judge. We fail to see that the matters presented are material, but they seem to be merely academic.

If the court had failed and refused to file his conclusions of fact, no doubt that failure or refusal would have been sufficient ground for a reversal in the absence of a statement of facts, but we cannot subscribe to the proposition that, in the absence of a showing of probable injury, a failure to respond to questions seeking to evoke additional findings should require the reversal of a judgment. Whether that be true or not, we are confident that a judgment should not be reversed because the trial court refused to answer a cross-examination consisting of 84 questions, which went into details about matters concerning which no court should concern itself except in a general way. The questions could not have brought out any findings which would probably have had any effect upon the judgment; the effort being, seemingly, to have a detailed, itemized finding about matters concerning which the judge had already found.

The judgment is affirmed.

---

⬦⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes