**CONSOLIDATED FLOUR MILLS CO. v. HOLBROOK.**

No. 9212.

Court of Civil Appeals of Texas. San Antonio.

Dec. 20, 1933.

Gus L. Kowalski, of Kingsville, for appellant.

J. W. Wilson, of Falfurrias, for appellee.

SMITH, Justice.

This action was brought by the Consolidated Flour Mills Company against H. C. Holbrook, doing business at Falfurrias, under the trade-name of Piggly-Wiggly Company, to recover damages for breach of contract alleged to have been made between the parties for the sale and purchase of an order of wheat products from the flour mills company, which was engaged in the sale of such prod-

ucts at Wichita, Kan. In a trial before the court, without a jury, judgment was rendered denying recovery to the flour mills company, which has appealed.

The trial court denied recovery to the company upon the conclusions that there was no such meeting of the minds of the parties as would constitute the contract sued on, and no facts which would estop appellee from denying the existence of such contract.

■ The trial court's findings of fact undoubtedly support the judgment; wherefore, if the findings are supported by any material evidence, the judgment cannot be disturbed by this court. Those findings, however, are vigorously and ably challenged by appellant, requiring a close examination of the evidence here. It is contended by appellant that some of those findings rest upon no evidence, and that others are against the great preponderance of the evidence.

■ Appellant's claim of a contract rests upon the following telegraphic correspondence:

"Wichita Kansas, July 30, 1929.
2:00 p. m. Paid Day Letter.
"Piggly Wiggly Holbrook Store
Falfurrias, Texas
"Subject quick wire reply offer Kansas Best seven dollars Superior six sixty Gilt Edge six ten all basis forty eights Bran dollar fifty four millrun dollar sixty nine shorts. dollar eighty four freight prepaid shipment by February.
"The Consolidated Flour Mills Company."

"RXAA185 29 Collect, Falfurrias, Texas—30 355P 1929 July 30 PM 4:14
"Wichita Mill and Elev. Co., Wichita, Kansas
"Book me with two hundred and forty barrels of flour with feed to be taken out in three shipments not later than February first 1930.
"H. O. Holbrook."

"Wichita Kansas, July 31, 1929—9:20 PM
"Piggly Wiggly Holbrook Store,
Falfurrias, Texas
"Confirm two hundred forty barrels flour seven dollars basis Kansas Best Forty eights seven hundred fifty bags Millfeed Bran dollar fifty-four millrun dollar sixty nine shorts dollar eighty four shipment by February first many thanks.
"The Consolidated Flour Mills Company."

Appellee made no reply to the latter message of confirmation, nor did he take any cognizance of appellant's letter of same date, referring to the telegraphic messages and inclosing written order in confirmation thereof, with request that he execute and return the order to appellant.

It will be observed that the message from appellee was addressed to "Wichita Mill and Elevator Company, Wichita, Kansas," and not to appellant. The evidence showed, and the court found, that no such concern as that addressed was in business at Wichita, and that appellant, upon being advised by the telegraph company that it had received such message, directed the latter company to change the address to appellant and deliver it accordingly, which was done; that appellant thereupon treated the message as intended for it, and wired the confirmation reply set out above.

The evidence further showed, and the court so found, that appellee had had no dealings with appellant, but had been doing business with the Wichita Mill & Elevator Company at Wichita Falls, Tex., and that the telegraphic order delivered to appellant under the circumstances stated was in fact intended for the Texas concern, and was not in fact sent to the Kansas company. The issue of whether the alleged contract was in fact made must be determined from the evidence summarized. It presents a queer state of facts, indeed.

The sending of the offer to appellee by appellant in the first message, promptly followed by the telegraphic order from appellee, albeit addressed to another concern, and appellant's prompt confirmatory message to appellee and the latter's failure to acknowledge that message, would seem certainly to make a prima facie case for appellant, and appellee's explanations and denials put a rather heavy strain upon the credulity of the reader of the bald record thereof. But the trial court heard all the testimony, observed the witnesses and their demeanor while on the stand under oath, and from that point of vantage resolved the evidence in favor of appellee and against appellant. In such case, and there being material evidence to support that finding, it is not for this court to gainsay it.

■ Appellant contends, further, that appellee's conduct following the telegraphic correspondence set out, was such as to establish, confirm, and ratify the contract evidenced by that correspondence. It appears that appellee made no answer to appellant's original offer, other than by the message addressed to a third party and appropriated by appellant; nor to appellant's follow-up letter inclosing a written order to be executed and returned by appellee; nor to repeated and insistent letters subsequently written him by appellant, demanding performance of the alleged contract; nor to indicate a repudiation of the purported agreement or denial of its existence.

It does appear that a year later, apparently in answer to one of appellant's letters demanding performance, appellee wrote appellant that "In regard to Flour and Feed will say I will try and give you an order for some Flour and Feed. But it would be bad

business for me to have a car here this hot weather. Will let you know as soon as the demand gets better and the weather gets cooler."

Appellant contends, but appellee vehemently denies that this letter from appellee had the effect of recognizing the existence and binding effect of the purported contract. It does not appear upon its face, however, to have that effect. On the contrary, if it discloses any meaning between its lines, it would seem rather to show studied avoidance of such recognition; as if appellee realized the insecurity of his position and sought safer ground by avoiding such recognition and yet at the same time disarming appellant by tendering it a crumb of comfort through a vague promise of future orders independent of the purported contract. At most, that letter of appellee could not be construed as having any definite effect, and therefore must be considered along with all the other circumstances of the case.

It is true that, during the period of appellee's silence and failure to take cognizance of the alleged contract, his daughter acknowledged some of appellant's reminders of its claims, but it is obvious from the record that she had no authority to bind appellee. It was in evidence that, during much of the period of appellee's silence and disregard of appellant's claim, he was seriously ill and away from home in search of a cure, and that he had no knowledge of his daughter's efforts to mollify appellant, and did not authorize her to commit him to the undertaking sought to be imposed upon him by appellant. In support of this contention, it was shown by unmistakable evidence that such undertaking would have carried appellee far beyond his ability, or the demands or capacity of his business. The whole situation disclosed by the evidence was such as to warrant the trial court's finding that appellee did not affirm the contract by his conduct or silence, and by the same token was not estopped to deny the making or ratification of such contract. Upon the conclusions stated we overrule appellant's propositions 1 to 8, inclusive.

In its ninth proposition appellant complains of the claimed refusal of the trial court to find specifically upon the issue of estoppel, but we overrule that proposition upon the ground that the court's finding upon that issue was definite, even if argumentative. Appellant also complains because the court failed to find upon other issues, but those issues were immaterial, and a search of the statement of facts shows the omission to find thereon resulted in no injury to appellant. In its eleventh and twelfth propositions appellant complains of the court's rulings concerning the measure of damages. It is not deemed necessary to pass upon these questions, which become immaterial in view of the disposition of the case on its merits.

The case is one of fact, and we cannot say the trial court abused its discretion in its disposition of the issues raised.

The judgment is affirmed.