CENTRAL TRUST CO. v. CENTRAL TRUST CO. OF ILLINOIS et al.

(Circuit Court, N. D. Illinois, E. D.    October 17, 1906.)

No. 28,283.

POST OFFICE—DELIVERY OF MAIL—SIMILARITY OF NAMES—CORPORATIONS.

Complainant, Central Trust Company, a corporation of another state, engaged in business in Chicago, Ill., for a number of years, but until 1903 failed to comply with the requirements of the statute to entitle foreign corporations to do business in the state. In 1902 defendant Central Trust Company of Illinois was incorporated in that state and also engaged in business in Chicago. Confusion having arisen in respect to the delivery of mail addressed to "Central Trust Company," complainant filed its bill to require the delivery to it of all mail so addressed. *Held*, that defendant, having been the first to lawfully use the name, was prior in right, and that the bill could not be maintained.

In Equity. On demurrer to bill.

McCaskill & Son, for complainant.
Edwin W. Sims, U. S. Atty.
Pam & Hurd, for defendants.

KOHLSAAT, Circuit Judge. Complainant, the Central Trust Company, a corporation of South Dakota, filed its bill against the Central Trust Company of Illinois, William R. Dawes, its cashier, and Fred A. Busse, postmaster at Chicago, in which it sets up that it is known as the "Central Trust Company;" that in April, 1897, it began to carry on its business under that name in Chicago; that subsequent to that date certain requirements were imposed by the statute of Illinois upon foreign corporations seeking to do business in the state, which were not complied with by it until the 7th day of February, 1903, owing to the delay caused by the interference with the defendant from August, 1902, to said February 7, 1903; that the defendant was chartered under the laws of the state of Illinois on the ———— day of———— 1902; that their names being similar, there was great uncertainty as to which concern the several letters should be delivered to; that upon application to the post office department, the Postmaster General directed letters addressed to the Central Trust Company, without street or number, or other external evidence as to the party to whom it should be delivered be turned over to the Central Trust Company of Illinois, whereby the mail of the complainant was frequently opened by the defendant, and great trouble and annoyance to the complainant

arises. The bill seeks to have mail addressed to the Central Trust Company delivered to complainant, and that the defendant be restrained from opening the same. The two names differ only in this: That the Illinois corporation is known as the "Central Trust Company of Illinois," and the complainant is the "Central Trust Company." The cause is now before the court on demurrer to the bill.

It is evident that while there is a slight difference in the names of the two corporations, it is so slight that for all practical purposes that would be considered practically identical, and in a proper case made for unfair competition the court would have to so direct. It also appears from the bill that some of the mails were addressed without indicating to which company it belongs, whether to one or the other of these two companies, so that, were the prayer of the bill to be granted, the trouble would simply be shifted from the complainant to the defendant. The case is simply one of confusion in the matter of identity of parties to whom mail should be delivered, and in such a case, of course, the party causing the confusion should be charged with the burden of showing that his mail in each case was delivered to the other, so that the only question before the court now necessary to be considered is which one of these parties caused this confusion. It is admitted that the defendant was incorporated before the complainant. It is admitted that at the time it was incorporated complainant was doing business in this state, and had been for several years, but had not complied with the requirements of the statute which prohibits them from doing business in the state until the conditions are met.

While complainant first used the name Central Trust Company in the state of Illinois, yet that name having been used, and the business being transacted thereunder contrary to the law of the state, no benefit of priority can attach to complainant, and it must be treated as having been entitled to the use of the name only from the time it complied with the requirements of the statute. That being subsequent to the date of the incorporation of the defendant, it follows that complainant itself should be charged with the creation of the confusion, and is in no position to demand the relief sought for in the bill.

The demurrer is sustained.