GALLET et al. v. R. & G. SOAP & SUPPLY CO.

(Circuit Court of Appeals, Second Circuit. December 11, 1918.)

No. 87.

1. TRADE-MARKS AND TRADE-NAMES ⬪58—INFRINGEMENT—MARKS—CORPORATE NAME.

Complainants, French manufacturers of high-grade soaps and toilet preparations, with a registered trade-mark of "R. & G." in monogram, *held* not entitled to an injunction restraining defendant, R. & G. Soap & Supply Company, from using the letters "R. & G.," which are the initials of its organizers, in its corporate name; there being no claim of fraud, and no proof of interference with complainants' trade, the soap made by defendant being a low-priced article.

2. TRADE-MARKS AND TRADE-NAMES ⬪73(2)—SIMILARITY OF CORPORATE NAMES—RIGHT TO INJUNCTION.

Where the right to relief depends exclusively upon comparison of the corporate names of the parties and the inferences to be drawn from such comparison alone, without reference to extrinsic facts, and there is no evidence of confusion or injury, the courts will not grant injunctive relief.

3. TRADE-MARKS AND TRADE-NAMES ⬪70(1)—UNFAIR COMPETITION—RIGHT TO INJUNCTION.

A court should not interfere by injunction to restrain alleged unfair competition, when ordinary attention by the purchaser of the article would enable him at once to distinguish the one from the other.

4. TRADE-MARKS AND TRADE-NAMES ⬪98—SUIT FOR INFRINGEMENT—ACCOUNTING.

An accounting for infringement of trade-mark will not be ordered, unless it is clear that on the evidence in the case, or evidence which might be presented to the master, there could be a substantial recovery.

Appeal from the District Court of the United States for the Northern District of New York.

Suit in equity by Edmund Gallet and another against the R. & G. Soap & Supply Company. From the decree, complainants appeal. Affirmed.

Maurice Leon, of New York City, for appellants.

J. Robert Rubin, of New York City (Milton Frank, of New York City, on the brief), for appellee.

Before WARD, ROGERS, and MANTON, Circuit Judges.

⬪For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

MANTON, Circuit Judge. [1] The appellants are partners trading under the name of Roger & Gallet, with their principal place of business in France. They trade, however, in this country through duly authorized agents here. They have obtained in the United States trade-marks No. 30,439, registered July 27, 1917; No. 35,737, registered January 8, 1901; No. 96,880, registered May 5, 1914; No. 101,629, registered January 5, 1915.

Under these trade-marks, the appellants and their predecessors conducted their business since the 2d of January, 1891, which business consists of the sale of high-grade soaps and toilet preparations. The letters "R." and "G." have their origin in the initials of the appellants, and are combined in a monogram described in trade-mark registered No. 101,629. The appellee, R. & G. Soap & Supply Company, is the successor of the R. & G. Supply Company. This firm began a premium business in the city of Binghamton, N. Y., in 1901, and is now engaged in the manufacturing, buying, selling, importing, and exporting of, and dealing generally in, soaps, teas, coffee, groceries, cloaks, suits, furniture, and all kinds of supplies for individuals. Two men, Simon Rosenthal and Maurice Gutman, citizens of Binghamton, using their initials as part of their corporate name, organized the corporation R. & G. Supply Company, which was later changed to the present name of the appellee.

The appellee conducted its business by selling these articles directly to the consumer from its manufacturing plant in Binghamton, giving premiums and stamps, which could be redeemed at its home office, for furniture and household articles. It is essentially a premium business, as well as a mail-order business. The bulk of its business is done in the mining districts of Pennsylvania; it deals in low-priced goods, and consequently does not reach the same high-class trade as do the appellants. On the other hand, the appellants' business was world-wide; they dealt in more costly commodities, and consequently to a higher-grade trade. The appellants expressly eliminated any charge of fraud.

There was no proof that the appellants' business was interfered with; that is to say, that any actual loss was sustained or trade diverted by reason of the use of these initials in the appellee's trade name. These facts were all stipulated.

The special master granted an injunction restraining the appellee from using the letters "R." and "G." either separately or in a monogram, or in the form "R. & G." or "R. and G." on labels, but did not enjoin the use of "R. & G." or "R. and G." in the corporate name; the latter use, however, to be employed only with the same size print as the balance of the corporate name.

The appellants, feeling aggrieved by the scope of this injunction, have appealed, and urge upon us that the court below erred in refusing to absolutely forbid the use of the letters "R. & G." in the corporate name of the appellee, and further in failing to grant an accounting.

Upon these stipulated facts, nothing appears except the mere use of the letters "R." and "G." by the appellee, and such use in its corporate name could not constitute an infringement of the appellants'

trade-mark. Indeed, the use of similar trade-marks, standing alone, does not constitute infringement. Wherever aid has been had from a court of equity, there has been some evidence of unfair competition in the sale of the goods by the infringer. If the appellee had the right to use the letters "R." and "G." as it did, in its corporate name, by the grant of such name from the state, and did so conduct its business as not to palm off its goods as those of the appellants, and there is no evidence of fraud in the conduct of its business which would be calculated to reach the same result, equity will not enjoin it as an infringer. Howe Scale Co. v. Wyckoff, Seaman & Benedict, 198 U. S. 118, 25 Sup. Ct. 609, 49 L. Ed. 972.

[2] Where the right to relief depends exclusively upon the comparison of the corporate names of the parties and the inferences to be drawn from such comparison alone, without reference to any extrinsic facts, and there is no evidence of confusion and injury, the courts will not grant injunctive relief. Higgins v. Higgins, 144 N. Y. 470, 39 N. E. 490, 27 L. R. A. 42, 43 Am. St. Rep. 769.

It was held in Cement Co. v. Le Page, 147 Mass. 207, 17 N. E. 304, 9 Am. St. Rep. 685, that the right to use one's own name in all legitimate ways, or as a whole or part of a corporate name, in the absence of contract, fraud, or estoppel, will not be enjoined, and one may use his own name with equal right in a business in which others are associated with him, as in a partnership or corporation, if it appears that such corporate or partnership name is not selected for the purpose of unfair competition. Such absolute right to use a man's own name honestly in his own business, for the purpose of advertising it, even though it may interfere and injure the business of another having the name, unless he resorts to artifice or some action calculated to mislead the public as to the identity of the business, and thus cause injury to the others, beyond that which results from the similarity of names, should not be enjoined.

Applying these rules to the facts in this record, we are of the opinion that the appellants have been accorded the fullest protection to their trade-mark rights.

[3] None of the labels which the appellee used with the name "R. & G. Soap & Supply Company, Binghamton, N. Y.," are likely to mislead the average purchaser to take the appellee's goods for those of the appellants. No ordinary purchaser would be misled by the similarity of the initials used as restricted by the decree appealed from. A court of equity should not interfere when ordinary attention by the purchaser of the articles would enable him at once to discriminate the one from the other.

The appellants used the initials "R." and "G." in a monogram, with the words "Paris, France," and the appellee the name "R. & G. Soap & Supply Company, Binghamton, N. Y." We are at a loss to understand how the ordinary purchaser could be confused or deceived.

[4] Nor are the appellants entitled to an accounting. There is no concession nor evidence which indicates that a single sale was made as a result of any misconception or misleading advertisements with the use of the initials "R." and "G." on the labels of the commodities sold by the appellee, and there can be no damage in connection with

the violation of the appellants' rights, which have now been restrained, except there was injury to the business and good will of the appellants. Such damage could only be demonstrated by loss of sales which otherwise would have accrued to the injured business. An accounting will not be ordered, unless it is clear that either upon the record, or upon a record which the appellants might present to the master, there could be a substantial recovery. Merriam v. Saalfield, 198 Fed. 369, 117 C. C. A. 245.

We are satisfied that the appellants present no such case. Concluding, as we do, that the initials "R." and "G.," followed by the words "Soap & Supply Company, Binghamton, N. Y.," distinguished the appellee's goods from those of the appellants, so as to avoid confusion, and that there was no effort on the part of the appellee to palm off its goods for those of the appellants, the appellants are not entitled to the further relief which they ask for.

Decree affirmed.