## FIDELITY BOND & MORTGAGE CO. v. FIDELITY BOND & MORTGAGE CO. OF TEXAS.

District Court, S. D. Texas, at Houston. June 27, 1929.

No. 365.

Lewis M. Dabney, Jr., and Robert A. Ritchie, both of Dallas, Tex., and Jas. L. Hopkins, of St. Louis, Mo., for plaintiff.

Ball & Simmons, of Houston, Tex., for defendant.

HUTCHESON, District Judge. This is a suit by plaintiff, Fidelity Bond & Mort-

gage Company, charging unfair competition, and praying that defendant be enjoined from using its corporate name.

The bill charges that plaintiff, a Missouri corporation, has been engaged in the purchase and sale of first mortgage real estate bonds since November 11, 1921; that it has established a market for fidelity guaranteed bonds throughout the United States; that it has made sales in Texas, and carried on a campaign of national advertising; that by reason of the advertisements circulated in Texas, and the business done in Texas, it has occupied this field, so as to preclude any other company from doing business under the name Fidelity Bond & Mortgage Company.

Plaintiff established that since 1921 it has sold bonds to 13 people in the state of Texas; that it has in the past created first mortgages upon which to base issues of bonds, and has created such issues of bonds in Texas, one at Fort Worth, two at Dallas, and one at Waco. As to these it is defendant's contention that they constituted doing business in Texas in violation of the laws of Texas, since plaintiff has never complied with the statutes of Texas requiring a permit.

It is the contention of plaintiff that the mortgage transactions did not constitute doing business in Texas, but whether so or not is in my opinion in this case immaterial. There is no testimony that any person has ever been deceived as to, or confused between, the identity of the two companies, or that plaintiff has ever lost a sale or had its business in the slightest interfered with by the existence of defendant company.

Upon the issue of unfair competition by design, the evidence wholly absolves the defendant; the uncontradicted testimony being to the effect that prior to the adoption of the name no one connected with the defendant or its promotion had ever heard of the St. Louis company, and that the name was selected after a conference with the secretary of state, and advice by the secretary of state that the name had not been appropriated in Texas in any way so as to prevent the defendant from assuming it, and the use of its name was authorized and sanctioned by the state of Texas, in which it was incorporated.

Defendant presses to some extent the contention that plaintiff cannot be considered to have occupied the Texas field, since it has not only not taken out a permit to do business in Texas, but has been doing business here in violation of the laws of Texas, and cites Central Trust Co. v. Central Trust Co. of Illinois (C. C.) 149 F. 789. I do not, however, find it necessary to determine whether this point is valid, because I think, upon plaintiff's own showing, plaintiff has wholly failed to make a case.

■ It is the law that "relief on the ground of unfair competition cannot properly be awarded, in the absence of proof of wrongful conduct and at least probable substantial injury therefrom to the business of the complaining party." Pulitzer Publishing Co. v. Houston Printing Co. (C. C. A.) 11 F.(2d) 836. The whole evidence not only fails to establish these requisites of a cause of action, but affirmatively proves the contrary, for I find nothing of substance in complainant's claim that it has appropriated territory in which the defendant operates, so as to give it a right to prevent the appropriation of that field by others, and I especially find that no unfair competition with plaintiff, either in intent or result, has resulted or will result from the use, as the evidence discloses it, of plaintiff's corporate name.

■ Further, while I do not find it necessary to a decision of this case, I think it not inappropriate to say that while, of course, in a case of deliberate infringement, the fact that the infringer has obtained its corporate name from the state will not be a defense, I think it of great evidential importance, in determining the question of fact as to whether the plaintiff has appropriated the field, that it did not see fit to comply with the laws of Texas by taking out a permit, or to notify, in the official way prescribed, others that it was desiring, under its corporate name, to pre-empt the field.

It seems to me that plaintiff's case here is, if anything, more wanting in equity than was the case of Pulitzer Publishing Co. v. Houston Printing Co., reported in (D. C.) 4 F.(2d) 924, and (C. C. A.) 11 F.(2d) 834, and that, upon the principles and for the reasons there set out, plaintiff's case must here fail; and it will be so ordered.