## HENKE & PILLOT, Inc., v. HANOVICE et al.
### No. 10217.

Court of Civil Appeals of Texas. Galveston.
Oct. 25, 1934.

304

W. P. Hamblen and W. P. Hamblen, Jr., both of Houston, for appellant.

Russell A. Bonham, of Houston, for appellees.

GRAVES, Justice.

This is an appeal from the judgment of the trial court—after hearing evidence of both sides—refusing appellant's application for temporary injunction restraining the appellees from using the name "H & P Food Company in connection with their grocery business, and from advertising and soliciting business under that name."

In so decreeing, the learned trial judge filed these findings of fact and conclusions of law:

"Findings of Fact.

"(1) That the plaintiff, Henke & Pillot, Inc., has been in the grocery business in the City of Houston for a long period of time, beginning as a partnership and incorporating under such name in 1924, with the corporation succeeding to the rights and business of the partnership.

"(2) That plaintiff, Henke & Pillot, Inc., advertises under the full name of Henke & Pillot, Inc., and with the use of the scroll 'H & P.'

"(3) That plaintiff, Henke & Pillot, Inc., conducts its business under its full name, and its signs bear only the full name of Henke & Pillot, Inc.

"(4) That said plaintiff does not now and has never used the name or initials 'H & P' as its trade name or corporate name.

"(5) That plaintiff has used the initials 'H & P' in connection with the sale of a few limited articles, termed 'H & P Specials' which are not manufactured by them, and has used such initials in a few other instances, but in all such cases the full name of Henke & Pillot, Inc., has been used and prominently displayed upon the article in connection with such initials.

"(6) That plaintiff has never trade-marked or registered the initials 'H & P.'

"(7) That plaintiff is familiarly called 'Henke's' and not 'H & P' among its customers and the public.

"(8) That the defendants have been in the grocery business under the trade name of 'H & P Food Company' for a period of three years, during which time they have built up a substantial business, have extensively advertised the same, and have gone to considerable expense in increasing their business; that plaintiff has had full knowledge of such operation during the entire three years and has not interfered, except that they protested to defendants by letter dated Jan. 9, 1932, and no reason is shown by plaintiff for its long delay in taking this action.

"(9) That the defendants adopted the name of 'H & P Food Company' as an abbreviation of the names of the owners, Hanovice and Pachter.

"(10) That the defendants committed no fraud upon the plaintiff in so adopting the name of 'H & P Food Company' as their trade name.

"(11) That the defendants have not, in any manner, attempted to deceive or mislead the public into believing they were trading at the plaintiff's stores when trading with H & P Food Company, nor have they practiced any fraud or deceit to mislead or secure the customers of plaintiff.

"(12) That the use by the defendants of the name H & P Food Company in its business, signs, advertisements and elsewhere, is not

prejudicially similar to the signs or advertisements of the plaintiff, Henke & Pillot, Inc.

"(13) That the name of H & P Food Company and its use by the defendants, is not so similar to that of Henke & Pillot, Inc., that a person of ordinary prudence using such reasonable care as the public in general may be expected to exercise, would by mistake deal with one when he intended to deal with the other.

"(14) That no customers of plaintiff, Henke & Pillot, Inc., have purchased goods from the defendants, H & P Food Company, believing they were purchasing from the plaintiff.

"(15) That over a period of three years, with three stores now in operation, and with a large number of customers daily, it was never shown that any person attended the store of H & P Food Company under the impression that same was a Henke & Pillot, Inc., store; it was shown, however, that one woman presented a Henke & Pillot, Inc., credit card to a clerk in the H & P Food Company store, but it was further shown that before presenting the card she made inquiry of one of the owners, Hanovice, as to whether or not it was a Henke & Pillot, Inc., store, and upon being informed that it was not a Henke & Pillot, Inc., store, she then proceeded to make selection of articles and then presented her credit card to the clerk, who again informed her that it was not a Henke & Pillot, Inc., store, and she left without making a purchase; this incident happened several days prior to the filing of this application for an injunction.

"(16) That the plaintiff, Henke & Pillot, Inc., has suffered no loss, injury or damage by the defendants' use of the name H & P Food Company, and no probability of same was shown by plaintiff.

"(17) That the use by defendants, Maurice Hanovice and Samuel Pachter of the name H & P Food Company for their grocery business in Houston is confusing, and misleads people to think of Henke & Pillot, Inc.

"(18) That the proof failed to show that any person had actually purchased defendants' goods in the belief that they were the goods of plaintiff, or had dealt with defendants thinking he was dealing with plaintiff.

"(19) That defendants have in no manner imitated the plaintiff concern, its method of conducting business, or its manner of advertising, or its signs, or in any other manner.

"Conclusions of Law.

"(1) That defendants did not compete unfairly with plaintiff in adopting the name of H & P Food Company, where plaintiff used the name Henke & Pillot, Inc., and that they are not now competing unfairly with plaintiff in their use of such name.

"(2) That plaintiff has failed to adduce evidence to entitle it to an injunction against the defendants.

"(3) That plaintiff has failed to adduce proof of loss, injury or damage, or the probability thereof, to entitle it to an injunction against the defendants.

"(4) That it would be an abuse of the discretion of this court to grant an injunction under the facts of this case.

"To which findings of fact and conclusions of law, the plaintiff and defendants excepted, and plaintiff gave notice of appeal.

"Ben F. Wilson, Judge."

Notwithstanding the earnest contention of able counsel to the contrary, after an examination of the statement of facts and a consideration of the arguments and authorities submitted, this court is unable to say that these quoted determinations below either lacked supporting evidence or failed to square with well-settled rules of law governing the facts so found; wherefore the appealed from order was not an abuse of a sound judicial discretion.

Admittedly there was no support to the charge that appellees opened and operated their grocery stores "under the assumed name of H & P Food Company with the intent to defraud" the appellant, the undisputed evidence showing that there was no such intent and that this trade-name of the appellees was not an assumed one at all but the initials of their actual names; it furthermore obviously appears that their trade-name thus chosen was neither idem sonans with nor so prejudicially similar to that of the appellant as to mislead a person of ordinary prudence in the exercise of due care into dealing with the one when he intended to deal with the other, the rule on this subject being thus stated in Dallas Plumbing Co. v. Dallas County Plumbing Co. (Tex. Civ. App.) 253 S. W. 308: "On appeal from a denial of an application for a temporary injunction restraining the use of a trade-name, the trial court having found against petitioner's claims of fraudulent purpose and deception of public, the question is: 'Are the two names so similar that a person, using such care as the public in general may be expected to exercise, would by mistake deal with one when he intended to deal with the other?'"

That holding, being based upon the equivalent of the same state of facts as obtains here, seems to clearly reflect the law of Texas on this subject. While it is true, as appellant ably argues, in the making out of a case of unfair competition, it is neither necessary to prove that such was intended by the challenged conduct, or that any one was actually deceived thereby into purchasing one seller's goods in the belief that they were those of the other, it being sufficient to show that such deception would naturally and probably result from the acts charged; but, since fraud is at least the essence of unfair competition, the rule goes this much further: "Either actual or probable deception must be shown, for if there is no probability of deception, there is no unfair competition. Mere possibility of deception is not enough. In close cases, where the deceptive tendency is not clear, equity will withhold its hand until actual deception has resulted." 63 Corpus Juris, p. 396; Fletcher on Unfair Competition, in General, 1921 Supp., § 726; Dixiepig Corporation et al. v. Pig Stand Co. (Tex. Civ. App.) 31 S.W.(2d) 325, 328.

Certainly the honest use of its own name in the prosecution of a legitimate business by one firm under such circumstances as here appeared will not be enjoined at the behest of another in competition with it, unless there was at least a reasonable probability of the public being misled thereby, and that sine qua non the trial court here on sufficient evidence found did not exist; finding No. 17, upon which the appellant much relies, did not go to any such extent, but merely to the effect that the most the trade-name in this instance was reasonably calculated to do was to cause people at first blush and without investigation to think of appellant; but the statement of facts discloses that even those who testified to such a momentary mental disposition admitted that it was immediately dispelled on giving any attention to the matter, wherefore the rule thus stated in Wornova Mfg. Co. v. McCawley (C. C. A.) 11 F.(2d) 465, applies: "Equity will not interfere, where ordinary attention by purchaser of article claimed to be deceptively similar to plaintiff's would enable him at once to discriminate one from the other."

Other authorities to the same effect are: Turner & Seymour Mfg. Co. v. A. & J. Mfg. Co. (C. C. A.) 20 F.(2d) 298; Gallet v. R. & G. Soap & Supply Co. (C. C. A.) 254 F. 802; American Tobacco Co. v. Globe Tobacco Co. (C. C.) 193 F. 1015.

Other grounds than those specifically stated upon which the judgment here rendered might properly, in part at least, have been entered, as found by the court, are the absence of any loss, injury, or damage, or the probability thereof, resulting to the appellant from the prosecution of the appellees' business in the manner shown, and further that it allowed them to use their own trade-name for a period of three years to its knowledge, during which time they had built up a substantial business under extensive advertisement thereof at considerable expense, without making any complaint thereof except a protest by letter to them dated January 9, 1932, the entire record furnishing no reason nor explanation of such long delay. In a similar situation in Best Foods v. Hemphill Packing Co. (D. C.) 295 F. 425, the court said: "Mere notification to defendant of a claim of infringement, which is denied, will not excuse a delay of three years before bringing suit, and keep alive the right to demand a preliminary injunction."

Of similar import are Coca-Cola Co. v. Carlisle Bottling Works (D. C.) 43 F.(2d) 101, affirmed (C. C. A.) 43 F.(2d) 119, certiorari denied 282 U. S. 882, 51 S. Ct. 86, 75 L. Ed. 778.

Further discussion being deemed unnecessary, an affirmance has been entered.

Affirmed.