ADVANCE NECKWEAR CO., Inc., et al. v. GOIDL.

No. 11923.

Court of Civil Appeals of Texas. Dallas. Dec. 22, 1934.

Herring & Hutchison and Henry Feld, all of Dallas, for appellants.

E. M. Reichman, of Dallas, for appellee.

JONES, Chief Justice.

Appellee, Saul Goidl, instituted this suit in a district court of Dallas county, for an injunction and for damages against appellants, Advance Neckwear Company, Inc., Arthur Goidl and Johanna Goidl. The immediate issuance of a temporary writ of injunction was prayed for. On the presentation of a petition to the judge of the court in which the verified petition was filed, the judge indorsed his fiat thereon, directing the issuance of a temporary injunction, as prayed for, on appellee's filing the usual injunction bond in the sum of $500. The bond was duly filed and the temporary writ of injunction issued September 17, 1934, and duly served on appellants on said date. Appellants made no appearance in the district court, but have duly perfected their appeal to this court.

Under such an appeal, the facts alleged in the petition become the statement of facts in this court. It appears that, in May, 1933, appellee engaged in the business of manufacturing and selling neckwear of all kind and description as a wholesaler, and selling such merchandise to retail stores, merchants, and purchasers using wholesale quantities, and is now engaged in such business; that his place of business is located at 1111 Commerce street, city of Dallas, and is operated under the name of "Goidl Neckwear Manufacturing Company" and the "Goidl Neckwear Company"; that he has caused the name of "Goidl Neckwear Manufacturing Company" to be placed in the telephone directory of the city, in which is given the telephone number and location of the place of business; that the same name has been placed in the city directory of the city of Dallas, with appellee as its owner, and giving said place of business; that by industry, advertising, and business integrity, he has built up a splendid business under said trade-names, not only in the city of Dallas, but throughout the state of Texas, and throughout a number of neighboring states, and is now doing business of many thousands of dollars per year; that these trade-names have been duly registered, and no other business of this kind has operated under such kindred names until about a month before the institution of this suit.

Appellant Advance Neckwear Company, Inc., is now and has for many years been engaged in the business of manufacturing and selling neckwear, in the city of Dallas, at an entirely different location from that used by appellee; that appellants Arthur Goidl and wife, Johanna Goidl, are not personally engaged in the neckwear business, but are employees and stockholders in the Advance Neckwear Company; that for the purpose

and intent of injuring appellee, appellants entered into a conspiracy to mislead the patrons of appellee and the residents of the city of Dallas, and to take advantage of the advertising of appellee, of his good will and reputation, and to effectuate such conspiracy caused the name of "Goidl Arthur Neckwear Manufacturer" to be listed in the telephone book, and caused the name of "Goidl Arthur Neckwear Manufacturing Company" to be listed in the classified section, under "neckwear," in the telephone directory, issued by the Southwestern Bell Telephone Company, which company is likewise made a defendant in this suit; that said parties have no place of business, but listed the telephone number of the Advance Neckwear Company as the telephone number of the said Advance Neckwear Company, and the place of business is given the same listing as that of the Advance Neckwear Company; and that such methods used by appellants are calculated to and are misleading appellee's customers, injuring appellee's trade, and that he has suffered damages already in the amount of $10,000.

The petition in the respects above mentioned is fuller and more complete than that detailed in the above statement and states a cause of action on its face. The prohibitory part of the temporary writ of injunction is sued is:

"Now, therefore, you, the said Advance Neckwear Company, Inc., a corporation, Arthur Goidl and wife, Johanna Goidl, and the Southwestern Bell Telephone Company, a corporation, your counsellors, solicitors, attorneys, agents, servants, and employes are hereby commanded to desist and refrain from using the name, 'Arthur Goidl Neckwear Manufacturing' and 'Arthur Goidl Neckwear Manufacturing Company', or in any wise advertising said business or doing business under said name, or listing said names in the telephone directory of the Southwestern Bell Telephone Company for the City of Dallas, Texas, and from hereafter securing a telephone with the telephone number from the defendant, Southwestern Bell Telephone Company, under any of said names or any similar name leading to confusion or likely to deceive the public into believing that they are dealing with the plaintiff, or any other advertising medium or matter, and restraining the defendant, Advance Neckwear Company, Inc., from using the name of 'Goidl' in any way to deceive the public and the purchasers of the plaintiff, to the injury of the plaintiff: and that the defendant, South-western Bell Telephone Company, be restrained from hereafter listing said names of 'Arthur Goidl Neckwear Manufacturing' and 'Arthur Goidl Neckwear Manufacturing Company,' or any name similar to said names on behalf of the defendants or either or all of them, until the further order of the District Court to be holden within and for the County of Dallas, 44th Judicial District of Texas at the courthouse thereof, in the City of Dallas, at or before 10 o'clock A. M. of the Monday next following the expiration of twenty-five days from the date of this writ, being Monday October 15th, A. D. 1934, when and where this writ is returnable."

The first notice appellants had of the filing of the suit and the issuance of the temporary writ of injunction was September 17, 1934, when such writ was served on them. All of the appellants reside in the city of Dallas, as shown by the petition, and the Advance Neckwear Company has its place of business in said city, and the other two appellants, Arthur Goidl and wife, Johanna Goidl, are regular employees at such place of business. The officer to whom the district clerk gave the temporary writ of injunction served them the same day it was issued. There is absent any allegation that shows an immediate and pressing necessity for the restraining order of the court, without notice to appellants. From the facts alleged in the petition, it is reasonably certain that all of the appellants could have received notice in one day of the filing of the suit that they should appear and show cause why the relief of a temporary injunction should not be granted; notwithstanding this, the court granted without notice all of the equitable relief that could have been given appellee at the final trial of the case.

We are therefore of the opinion that the court erred in granting an ex parte temporary writ of injunction, without notice to appellants, and the order for the issuance of the temporary injunction should be set aside and the injunction dissolved. Soto v. State (Tex. Civ. App.) 171 S. W. 279; Nelson v. Thompson (Tex. Civ. App.) 64 S.W.(2d) 373; Hopkins et al. v. Frenchy (Tex. Civ. App.) 75 S.W.(2d) 184; Farb v. Theis (Tex. Civ. App.) 250 S. W. 290.

This order is made without prejudice to appellee's right in the future to apply for the issuance of a temporary writ of injunction, on due notice to appellants, if he desires to pursue such course in the future.

Reversed and rendered, dissolving the temporary writ of injunction.