SAUL GOIDL V. ADVANCE NECKWEAR COMPANY, INC., ET AL.

No. 7212. Decided January 25, 1939.
(123 S. W., 2d Series, 865.)

*George O. Wilson* and *E. M. Reichman,* both of Dallas, for plaintiff in error.

Where the undisputed evidence shows that the plaintiff had adopted and by use had built up a profitable wholesale neck-wear business, the subsequent adoption and use by defendants of a similar name in a similar business, for the purpose of misleading the customers of the plaintiff or the general public and which actually resulted in their being misled to the damage of the plaintiff, should be enjoined. Garrett v. T. H. Garrett & Co., 78 Fed. 472; Rogers v. William Rogers Mfg. Co., 70 Fed. 1019; Grand Temple v. Independent Order K. & D. of T., 44 S. W. (2d) 973.

*George W. Hutchinson* and *Henry Feld,* both of Dallas, for defendants in error.

An ordinary surname is not subject to the exclusive use or appropriation as a trade name as against persons having the same name, and where no unfair means were resorted to to create a false impression that the establishments were the same or that defendants goods were made by plaintiff, the plaintiff was not entitled to an injunction to restrain his brother from using the family surname in his business. Scanlan & Bartel v. Williams, 114 S. W. 862; International Silver Co. v. Rogers, 71 N. J. Eq. 560, 63 Atl. 977; Gilamn v. Hunnewell, 122 Mass., 139.

Mr. Justice Sharp delivered the opinion of the Court.

Saul Goidl instituted this suit for an injunction and for damages against Advance Neckwear Co., Inc., Arthur Goidl and wife, Johanna Goidl, and the Southwestern Bell Telephone Co. The trial court issued a temporary writ of injunction, but on appeal to the Court of Civil Appeals such writ was dissolved. 77 S. W. (2d) 598. The case was finally tried on its merits; and, based on the answers of the jury to the special issues submitted, the trial court rendered judgment that plaintiff take nothing and that the defendants take nothing as against plaintiff on their cross action. The Court of Civil Appeals affirmed the judgment of the trial court. 98 S. W. (2d) 364.

This controversy arose over the use of certain trade names in business in the City of Dallas. Arthur and Saul Goidl are brothers. Johanna Goidl is the wife of Arthur Goidl. The parties will be designated as plaintiff and defendants, as they were designated in the trial court.

It appears that plaintiff engaged in the neckwear business, manufacturing and selling neckwear as a wholesaler, and also selling to retail stores and purchasers using wholesale quantities, and that his place of business was located in the City of Dallas, under the trade name of Goidl Neckwear Manufacturing Company and Goidl Neckwear Company; that under such trade names he established a reputation for manufacturing and selling neckwear; that he had the name of Goidl Neckwear Manufacturing Company listed in the telephone directory; and that by his efforts he has built up a reputation for honesty and fair dealing, and has acquired an extensive good will among his patrons. It is further shown that Arthur Goidl and his wife, Johanna Goidl, were stockholders in the Advance Neckwear Company, Inc., which company has for many years engaged in the business of manufacturing and selling neckwear; that the said Arthur Goidl and wife, Johanna Goidl, caused the names of Goidl Arthur Neckwear Manufacturing and Goidl Arthur Neckwear Manufacturing Company to be listed in the telephone directory; and plaintiff contends that by reason of such acts and conduct on the part of the defendants, they confused the public and misled the customers of plaintiff, thereby injuring plaintiff's trade and causing him to suffer damages.

In answer to special issues submitted, the jury found:

(a) That plaintiff had built up a reputation as a wholesaler of neckwear under the trade name of Goidl Neckwear Manufacturing Company.

(b) That the defendants, Advance Neckwear Company, Inc., and Arthur and Johanna Goidl, combined together to cause the name of Goidl Arthur Neckwear Manufacturing Company and Goidl Arthur Neckwear Manufacturing to be listed in the telephone directory.

(c) That such actions were not for the purpose of injuring the business of Saul Goidl, the plaintiff.

(d) That such actions by the defendants were not for the purpose of misleading the patrons of the plaintiff.

(e) That Arthur Goidl carried on a business under the trade name of Arthur Goidl Neckwear Manufacturing Company and Arthur Goidl Neckwear Manufacturing.

(f) That such actions on the part of the defendants were not for the purpose of injuring the business of the plaintiff.

(g) That such actions on the part of the defendants were not for the purpose of obtaining the business of the plaintiff.

(h) That Arthur Goidl and Johanna Goidl combined with each other to give the use of the name Goidl to the Advance Neckwear Company, a corporation, and that the name Goidl is being used by the Advance Neckwear Company, a corporation.

(i) That such actions were not for the purpose of misleading the patrons of the plaintiff.

(j) That such conduct on the part of the defendants has misled the patrons of the plaintiff.

(k) That the use of the names Arthur Goidl Neckwear Manufacturing Company and Arthur Goidl Neckwear Manufacturing had confused the patrons of the plaintiff.

(l) That the use of such names is not reasonably calculated to confuse the patrons of the plaintiff.

(m) That the adoption of the name Arthur Goidl Manufacturing Company and Arthur Goidl Neckwear Manufacturing was not for the purpose of obtaining the business of the plaintiff.

(n) That the plaintiff obtained from the Advance Neckwear Company, Inc. trade secrets and information relative to the conduct of the business of defendants.

(o) That plaintiff used such information to the detriment of the defendant Advance Neckwear Company, Inc.

(p) That plaintiff has not on any occasion represented himself to be Goidl of the Advance Neckwear Company, Inc., and has received no orders for merchandise intended for that company.

Based upon the answers of the jury, the trial court entered judgment that plaintiff take nothing against the defendants, and that the application of plaintiff for injunction against the

defendants be denied. Judgment was entered that the defendants take nothing as against the plaintiff by reason of their cross action; and the costs of the court were assessed equally against both plaintiff and defendants.

■ This case involves the right to use a trade name in business. No inflexible rule can be announced controlling this question. However, certain rules relating to the use of a trade name are well established. It is now well settled that every person has the right to honestly use his own name in his own business, and any injury resulting from such use is damnum absque injuria. Singer Mfg. Co. v. June Mfg. Co., 163 U. S. 169, 16 S. Ct. 1002, 41 L. Ed. 118; Brown Chemical Co. v. Meyer, 139 U. S. 540, 11 S. Ct. 625, 35 L. Ed. 247; Milton B. Seligman v. Fenton, 286 Penn. 372, 133 Atl. 561; 47 A. L. R. 1186; 63 C. J., sec. 110, p. 413, and authorities cited in the footnotes; 26 R. C. L., sec 33, pp. 854-856, and cases cited in the footnotes.

■ A person has the right to use his own name in his own business, either alone or in connection with others, as in a partnership or in a corporation, in the absence of fraud, contract, or estoppel. Donnell v. Herring-Hall-Marvin Safe Co., 208 U. S. 267, 28 S. Ct. 288, 52 L. Ed. 481; see 63 C. J., sec. 118, p. 429, sec. 121, p. 437, and cases cited in footnotes.

■ The rule is generally accepted that there can be no exclusive appropriation of a family surname, to the exclusion of those who possess the same surname. Brown Chemical Co. v. Meyer, 139 U. S. 540, 11 S. Ct. 625, 35 L. Ed. 247; Brown Sheet Iron & Steel Co. v. Brown Steel Tank Co., 198 Minn. 276, 269 N. W. 633, 107 A. L. R. 1276; 63 C. J., sec. 118, p. 429, and cases cited in the footnotes; 26 R. C. L., sec. 33, pp. 854-856, and cases cited in the footnotes.

In the case of Meneely v. Meneely, 62 N. Y. 427, 20 Am. Rep. 489, it was said: "Every man has the absolute right to use his own name in his own business, even though he may thereby interfere with and injure the business of another bearing the same name, provided he does not resort to any artifice, or do any act calculated to mislead the public as to the identity of the establishments, and to produce injury to the other beyond that which results from the similarity of the names."

■ While the authorities sustain the foregoing statement of the rule, yet it is also well established that a person may not fraudulently use his own surname so as to mislead the public or damage other persons using the same surname. Milton B.

Seligman v. M. H. Fenton, 286 Penn. 372, 133 Atl. 561, 47 A. L. R. 1186; Brown Sheet Iron & Steel Co. v. Brown Steel Tank Co., 198 Minn. 276, 269 N. W. 633, 107 A. L. R. 1276; 63 C. J., sec. 109, p. 411, and cases cited in the footnotes. For annotations of the cases relating to the use of trade names, we cite 47 A. L. R. 1189 and 107 A. L. R. 1279.

■ In this case the issue of good faith was found in favor of defendants. Furthermore, the evidence must present a case of fraud and dishonesty, before the courts will prevent by injunction all use of the name. Donnell v. Herring-Hall-Marvin Safe Co., 208 U. S. 267, 28 S. Ct. 288, 52 L. Ed. 481; Howe Scale Co. v. Wyckoff, Seamans & Benedict, 198 U. S. 118, 25 S. Ct. 609, 49 L. Ed. 972.

■ The application for writ of error in this case was granted on the proposition that the opinion of the Court of Civil Appeals in this case conflicts with the holding of the Court of Civil Appeals in the case of Henke & Pillot v. Hanovice, 77 S. W. (2d) 303. When the controlling conclusions in the two cases are compared, we find no conflict in the results or judgments reached therein. The Court of Civil Appeals in the case of Henke & Pillot v. Hanovice, supra, in reaching its ultimate conclusion may have used language that conflicts with the opinion of the Court of Civil Appeals in this case. All expressions in that opinion in conflict with the opinion of this Court in this case are hereby expressly overruled.

The jury having found that the defendants were not guilty of acting dishonestly or in bad faith, the trial court entered the proper judgment. Therefore the judgment of the Court of Civil Appeals is affirmed.

Opinion delivered January 25, 1939.