**LUCIEN LELONG, Inc., v. LENEL, Inc., et al.**

No. 12854.

United States Court of Appeals
Fifth Circuit.

April 8, 1950.

Rehearing Denied May 3, 1950.

James P. Hume, Chicago, Ill., Gerrit P. Groen, Chicago, Ill., Harold S. Walters, Chicago, Ill., Joseph H. Schley, Dallas, Tex., Jack A. Schley, Dallas, Tex., for appellant.

Henry Klepak, Dallas, Tex., for appellees.

Before HOLMES, McCORD and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment for the defendant in an action under the laws of the United States for trade-mark infringement, unfair competition in trade, and breach of contract. The amount involved, exclusive of interest and costs, exceeds the sum of $3,000, and federal jurisdiction rests both on federal questions and diversity of citizenship. The facts are as follows:

Lucien Lelong, Inc., an Illinois corporation, was organized in 1928 for the purpose of making and selling perfumes, colognes, powders, beauty aids, and miscellaneous bath accessories. At the time of its organization, Lucien Lelong, a French designer and perfumer, had a substantial in-

terest in the company and took an active part in designing and selecting the products produced by the company. Appellant's products are well known to the public, and are sold throughout the United States. Its bottles are of a special design, and a gold monogram has usually been used on top of the box containing its products. The monogram consists of the letters "L L," arranged so as to resemble two right angles enclosed in a square. Appellant secured United States Trade-Mark Registrations on the name "Balaiza," the "L L" monogram, and the name "Lucien Lelong."

Lenel, Inc., is a Texas corporation, and competes with the appellant in the sale of the products above mentioned. In 1942, the name "Lenel" was adopted, and it entered the field of over-the-counter sales in direct competition with appellant. In 1945, appellant filed suit against Lionel Rothchild, one of the appellees, charging a design and trade-mark infringement, and unfair competition. This litigation was terminated as the result of a settlement between the parties whereby Rothchild agreed not to sell said products in boxes and bottles having the same general appearance as Lelong's, and not having the words "Distributed by-Lenel-New York—Chicago-Contents 4 fluid ozs." written around the bottom of the boxes.

Appellant contends that the appellees have failed to carry out their settlement agreement, and have violated it by wrongfully imitating its boxes as to shape, coloring, and background, and by failing to discontinue the use of the wording "Distributed by-Lenel-New York—Chicago-Contents 4 fluid ozs." It further contends that appellees are using the name "Bellezza" as a trade-mark on colognes sold in competition with appellant's products, and that the use of such a name constitutes an infringement of its trade-mark "Balaiza"; also that the appellees' use of the name "Lenel" and of an "L" monogram on their boxes constitutes unfair competition in that they are imitations of appellant's trade-name and trade-mark.

■ No man can have any right to represent his goods as the goods of another. This principle was first laid down by Lord Justice Turner in Burgess v. Burgess, 3 De G.M. & G. 896, 904, and has been adopted by the courts of this country. Whether a false representation has been made is generally a question of fact. In *Modern Products Supply Co. v. Drachenberg*, 6 Cir., 152 F.2d 203, the court held that findings of the district court on questions of patent infringement should not be disturbed unless clearly erroneous. The evidence here clearly supports the finding that there was no infringement of appellant's trade-mark "Balaiza." There is for sale to the public other merchandise of the same type as that sold by the parties litigant, and it bears names somewhat similar to those here. Among other trade-names on the market are: "Ballarina," "Balalaika," "Ballet," "Bellezea," and "Bellodgia." The pronunciation of these names might bring about a sounding of similarity; but buyers of such commodities are meticulous and do not depend solely on pronunciation. They rely on the reputation of the makers of these various brands. There is a marked distinction between the name "Lenel," represented by a single "L," and the name "Lucien Lelong," represented by the double "L L" enclosed in a square. From the trade-marks and labels presented in the exhibits, it is evident to us that the full name Lucien Lelong is used. There should not be any confusion resulting from the use of the words "Lenel" and "Lucien Lelong."

■ Appellant's contention regarding the breach of settlement agreement cannot be sustained. It is elementary that a color or container cannot be a trade-mark. There is no particular color combination associated with the appellant's products. The complaint as to the use of the words "Distributed by-Lenel-New York—Chicago-Contents 4 fluid ozs." is not well taken; the law requires such information to be supplied the public.

■■ The court below found that there had been no violation of the settlement agreement; no unfair competition; and no violation of appellant's trade-mark rights, since there can be no trade-mark in a package, the shape of a bottle, or a letter

 

of the alphabet. There was also a ruling that the appellees should not recover anything by reason of their cross-action. No appeal was taken by appellees, and for that reason we are not concerned with any matter presented by the cross-action. The issues of fact on this appeal depend upon whether the findings below were clearly erroneous within the meaning of Rule 52 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. We think they were not, and that there is no reversible error in the record. Consequently, the judgment appealed from is

Affirmed.