RAVEL et al. v. COURAVALLOS.

No. 9977.

Court of Civil Appeals of Texas. Austin.

Jan. 9, 1952.

Rehearing Denied Jan. 30, 1952.

Goldsmith & Bagby, by J. Sam Winters, Austin, for appellants.

Ayres K. Ross, Horace H. Shelton, Cofer & Cofer, by John D. Cofer, Austin, for appellee.

HUGHES, Justice.

Appellants, Irving L. Ravel and Samuel Marks, doing business in Austin under the trade name of "Kara-Vel," have sued appellee, Jack Couravallos, doing business in Austin under the trade name of "Car-Val Small Fry Shop," for an injunction enjoining the use of the name "Car-Val" in connection with the sale of any merchandise sold in competition with appellants.

This relief was sought upon allegations that the name "Kara-Vel" and "Car-Val" are so similar in sound and appearance or in a combination of sound and appearance that the public and prospective customers are deceived and misled and that appellants, having first appropriated the name "Kara-Vel" should be protected from this unfair competition.

A jury was used and its findings were: (1) that the names "Kara-Vel" and "Car-Val" are not similar in sound, appearance or in a combination of sound and appearance, (2) that the name "Car-Val" came from a contraction of appellee's name, (3) that appellee's use of the trade name "Car-Val's Small Fry Shop" was not reasonably calculated to confuse the patrons or prospective patrons of appellants, (4) that the parties were not engaged in substantially the same character of business and the two businesses were not in competition with each other and that appellants

had suffered no injury as a result of the use of the name "Car-Val's Small Fry Shop" by appellee, (5) that the confusion, if any, arising in connection with the name "Kara-Vel" was due solely to the nature of the name "Kara-Vel" itself.

Appellants moved for judgment notwithstanding the verdict but this the court denied and rendered judgment upon the verdict that appellants take nothing by their suit.

Appellants rely upon ten points for reversal, the first two of which are that the court erred in not granting their motion for judgment notwithstanding the verdict of the jury because as a matter of law and upon the uncontradicted evidence the name "Kara-Vel" and "Car-Val" are so similar in sound, appearance and a combination of sound and appearance as that the public and prospective customers of appellants have been misled and will, in reasonable probability, be misled in the future.

We do not agree with appellants that the question was one of law which should have been resolved in their favor. The very most which the trial court could have properly done for appellants was to consider the question one of fact for the jury. 41 Tex.Jur., p. 399. This he did.

It is obvious that the names differ in spelling, in the number of letters and in appearance, and while a proper name may be pronounced in an unpredictable manner, these names differ in pronunciation if pronounced as common words. These differences prevent the question from being one of law.

From a factual point of view appellants made the following showing:

Many orders for merchandise, invoices, waybills, etc., were introduced to show the name "Kara-Vel" is often misspelled.

Mr. Ravel testified that the postman had delivered letters to his store which were addressed to the Car-Val Small Fry Shop; that merchandise had been similarly missent and that a number of people, naming two of them, who had come into his store looking for items which they had heard advertised on the radio or had seen ad-

vertised in the papers but which were not carried by "Kara-Vel."

Miss Viola Gilman, a buyer for Buttrey's Department Store in Austin, testified that she heard an advertisement on the radio which she took to be "Kara-Vel's" and later learned it was "Car-Val's."

Mrs. Wavla, also an employee of Buttrey's, gave similar testimony, as did Mr. Hyman, a buyer for Yaring's Department Store in Austin.

Mrs. Doris Boone of the City of Austin, Texas, testified that after she had heard "Car-Val" advertised on the radio she was under the impression. that the advertisements were those of "Kara-Vel" and further that she subsequently shopped at "Kara-Vel" on Congress Avenue under the impression that "Car-Val" and "Kara-Vel" were connected and owned by the same interests.

Mrs. Elaine Daniels, a mother and housewife, residing in the City of Austin, Texas, also testified unequivocally that it was her impression that "Car-Val's Small Fry Shop" and "Kara-Vel" Number Two on the Burnet Road were owned by the same interests and that such impression was due to the similarity of the two names. She further testified that she is unable to tell exactly which business establishment is meant when she hears the name "Kara-Vel" and "Car-Val" spoken, and when such names are spoken she is confused as to which business establishment is referred to.

The Austin Paper Company sells wrapping paper to "Car-Val." One of the employees of the Austin Paper Company, Oswald Comby, received a telephone order from what he thought was "Kara-Vel" for certain paper supplies. This order was filled and sent to "Kara-Vel" who refused delivery. Mr. Comby was unable to distinguish between the name "Kara-Vel" and "Car-Val" when such name was spoken over the telephone by appellee or one of his employees.

Miss Petty, an employee of appellants, testified that about three or four people a week come into "Kara-Vel's" for the purpose of having pictures made, appellee having formerly operated a photographic studio under the name "Car-Val's" and that about the same number weekly come into the store asking for merchandise which they do not sell but that are sold by "Car-Val's Small Fry Shop."

That appellant's evidence was undisputed did not entitle them to a directed verdict nor to a judgment despite the verdict. The principal issue in this case, where damages are not sought, and in others of like character, is not whether certain individuals were misled or deceived by the similarity of names but whether or not there is a likelihood that the ordinary purchaser will be misled or deceived. 41 Tex.Jur. p. 387. In fact, no proof of actual deception is required. Henke & Pillot, Inc., v. Hanovice, Tex.Civ.App., Galveston, 77 S.W.2d 303; 2 Nims, Unfair Competition and Trademarks, Sec. 335, p. 1048–1049 (4th Ed. 1947). But of course proof of actual deception is admissible for the purpose of showing the likelihood of other and continued deception. Id.

It logically follows that if no proof of actual deception is required in order to obtain relief then the introduction of such proof, even though uncontradicted, would not entitle the plaintiff to an instructed verdict. This is so because the relatively few witnesses who do testify constitute a very small segment of the public, can only speak for themselves and do not conclusively reflect the demeanor of the public in general nor the ordinary purchaser.

Appellants' first two points are overruled.

Points three and four are that the court erred in asking the jury if appellee in adopting the name "Car-Val" or "Car-Val's Small Fry Shop" was using a contraction of his own name for the reason that as a matter of law and from the undisputed evidence such names were trade names.

We do not find it necessary to pass on these points in view of our disposition of the foregoing and following points.

For the same reasons appellants' points five and six to the effect that the court erred in submitting jury issues inquiring

if the parties were engaged in substantially the same character of business and if they were in competition with each other because as a matter of law and from the undisputed evidence they were so engaged, become immaterial.

Point seven is that the court erred in submitting an issue to the jury inquiring if appellants had suffered any injury as a result of appellee's use of the name "Car-Val's Small Fry Shop" because proof of injury is not required in order to obtain injunctive relief. This point is now immaterial.

■ Appellants' eighth point relates to the cross examination of appellant Ravel and the brief contains eight questions which appellants contend were improper and prejudicial. We will set out only one of the eight questions because we find from an examination of the record that objection was only made to this one question: "I notice in the phone book a Mr. John D. Copeland has a boarding house, and there is a Mrs. John D. Copeland that has a boarding house at a different address. Do you think one of them ought to be enjoined because the other has got the same name."

The objection was: "We object to it primarily for this reason. It is a matter appertaining to geography; surname isn't involved in this lawsuit, and different principles are involved."

The witness gave a negative answer.

The question may have been improper but in view of the answer, the form of the objection, and the record as a whole, reversible error is not shown and this point is, therefore, overruled. 3b Tex.Jur., Sec. 1041.

■■ The ninth point pertains to the jury argument made by appellee's counsel. The following argument was objected to on the ground that it suggested to the jury the application of the Golden Rule: "The $10,000.00 got in there by mistake. His attorney put that in there. He hasn't suffered any damages; they don't want any damages. Everything is pretty until that time, but let me tell you, the American way of life is based on the freedom of com-

petition. If somebody can out-buy and under-sell somebody else, it is to your interest and my interest that we encourage that man to do that very thing. I don't know how rich you are, but I have a grandbaby, and I would appreciate the fact that I could buy a diaper for a few cents less than somebody can go down to Buttreys and probably buy a sateen finished diaper. I want my diapers for my baby as cheap as I can get them, and I know your jurors want the same thing."

This argument was induced by the testimony of Mr. Hyman, an employee of Yarings and Miss Gilman, an employee of Buttreys, who had heard "Car-Val's" radio advertisement offering diapers for sale at a price less than the price at Yarings or Buttreys, which advertisement these witnesses for appellants mistakenly attributed to "Kara-Vel's".

In our opinion this argument was not a "Golden Rule" argument which, as we understand it, is for counsel to ask the jury to place themselves in the shoes of a party to the suit in arriving at a verdict, and to render such verdict as they would want rendered in case they were similarly situated. 41 Tex.Jur. p. 806.

The price of diapers was not an issue in this case and was foreign to any issue before the court or jury.

Considering the record as a whole our judgment is that the argument quoted, even if improper, is not of such a nature as that it probably influenced the verdict unfavorably to appellants. This point is overruled.

■ The last point is that the trial court erred in permitting appellee to file a trial amendment. This trial amendment for the first time affirmatively declared that the trade name "Car-Val" was a contraction of appellee's Greek name Couravallos, that appellee did not adopt said name with the intention of competing with the name "Kara-Vel" or for the purpose of using a similar name as "Kara-Vel," that no one had been misled by the use of the trade name "Car-Val" by the appellee, that the appellants have not suffered any injury by virtue of the use of the trade name "Car-

Val" and that any confusion resulting from the use of the name "Kara-Vel" was due solely to the nature of the name itself.

The amendment was filed after all the evidence was in and the affirmative matters pleaded therein were submitted to the jury.

Appellants say that this action of the trial court was harmful and prejudicial to them because they were then for the first time advised what counsel for appellee conceived to be their affirmative defenses.

Appellants did not request that the case be reopened for the introduction of more evidence nor did they ask for a delay for any purpose. Neither are we advised in what manner appellants have been prej-, udiced. Under these circumstances we hold that the trial court did not abuse his discretion in permitting the trial amendment.

The judgment of the trial court is affirmed.

Affirmed.