**EL CHICO, Inc. v. EL CHICO CAFE et al.**
**Civ. A. No. 4848.**

United States District Court
N. D. Texas, Dallas Division.
March 13, 1953.

---

Clarence P. Greer and Clarence G. Campbell, New York City, and William P. Fonville, Dallas, Tex., for plaintiff.

Francis C. Browne, Washington, D. C., Gene Lary, John A. Erhard and Coke & Coke, Dallas, Tex., for defendants.

ATWELL, Chief Judge.

The Plaintiff seeks a permanent injunction and damages.

I find as facts:

That the Plaintiff's name, "El Chico," for his restaurant and place of entertainment at Greenwich Village, New York, was chosen and publicized extensively over radio, newspaper advertising, and through recommendations made by patrons who came from time to time for more than ten years prior to the time that the defendants chose the name, "El Chico," for their res-

taurants and canned goods, which restaurants and canning place were situated in Dallas, Texas.

That there is no testimony of any confusion occasioned by customers of the plaintiff by reason of the later establishment of the defendants' business. Nor that there has been any pecuniary damage suffered by the plaintiff by reason of the establishment of the defendants' businesses.

That at the time of the establishment of the defendants' businesses, they had knowledge of the plaintiff's business in New York. They also knew that the phrase, "El Chico," was used on many other products.

That each continued to operate successfully and to considerable gain. That each expended large sums of money in advertising, the larger of which were those made by the plaintiff.

That when defendants established their businesses they knew of the prior establishment of the plaintiff's business, but I find that there was no fraud, nor deceit by the defendants in the continuation of their businesses, nor in their original establishment.

I find that the plaintiff's business is confined to a high-class Spanish restaurant with accompanying entertainment, and bar.

That the defendants' places of business are restaurants without entertainment, but where drinks may be had at some of those places, outside of the state of Texas where it is against the law to serve alcoholic or spirituous beverages.

That the defendants have filed a certificate with the authorities of the states of Louisiana, California, and Arizona.

I find that there is the necessary diversity of citizenship, and the statutory amount involved in this litigation. Also, that the defendant, El Chico Canning Company engaged in interstate commerce, but that neither of the other defendants, save as partners, so engaged, nor did the plaintiff so engage.

I find that the plaintiff's place of business was Spanish in character, and atmosphere, and decorations, and food. That the defendants' places of business in Dal-

las and Fort Worth, Texas, were Mexican in food, furnishings, and decorations.

I find that the character of entertainment, and the food served by the plaintiff, were of the highest sort and kind. That distinguished citizens from different portions of the United States, and from many other nations, were visitors at the plaintiff's place, and entertained therein.

That many books, by newspaper writers, and by authors and by newspaper columnists, were published. That such publications, and newspapers, were circulated in many of the states of the union, and through and by twenty-eight newspapers.

I find that the two words, "El Chico," were arbitrary trade names, insofar as they related to both plaintiff and the defendants. But that the phrase, "El Chico," is without subject, and is merely the beginning of a sentence, and is, and was, and has been used for a long time upon many sorts of articles, and as a part of persons' names.

I find that the territory in which each operated was exclusively in New York, as to the plaintiff, and in Texas, as to the defendants, except as to the defendants' canning company which sold its food products in cans labeled, "El Chico," in thirty-two states.

### Conclusions of Law

█ From the above facts, it is evident that the law of unfair competition must rule this case. The common law of trademarks is but a part of the broader law of unfair competition. Elgin Nat. Watch Co. v. Illinois Watch Case Co., 179 U.S. 665, 21 S.Ct. 270, 45 L.Ed. 365; Trade Marks and Trade Names, and Unfair Competition, by William C. Linton, and Armstrong Paint & Varnish Works v. Nu-Enamel Corp. of Illinois (NuEnamel Corp., a Delaware corporation), 1938, 305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195.

Voluminous decisions may be of interest to the student, and they have been sought out and presented to the court by the diligent counsel of record in this case. Such as Fidelity Bond & Mortgage Co. v. Fidelity Bond & Mortgage Co. of Texas, D. C., 33 F.2d 580, affirmed, 5 Cir., 37 F.2d 99; Plaza Co. v. White, Tex.Civ.App., 160 S.

W.2d 312; Suniland Furniture Co. v. Sunnyland Wholesale Furniture Co., Tex.Civ. App., 235 S.W.2d 674; Henke & Pillot, Inc., v. Hanovice, Tex.Civ.App., 77 S.W. 2d 303; A. B. C. Stores, Inc., v. T. S. Richey & Co., Tex.Civ.App., 266 S.W. 551; Goidl v. Advance Neckware Co., 132 Tex. 308, 123 S.W.2d 865; United Drug Co. v. Theodore Rectanus Co., 248 U.S. 90, 39 S. Ct. 48, 63 L.Ed. 141; American Steel Foundries v. Robertson, Commissioner, 269 U.S. 372, 46 S.Ct. 160, 70 L.Ed. 317; Lucien Lelong, Inc., v. Lenel, Inc., 5 Cir., 181 F.2d 3; Pulitzer Pub. Co. v. Houston Printing Co., D.C., 4 F.2d 924; Buckspan v. Hudson Bay Co., 5 Cir., 22 F.2d 721; Churchill's Terminal Restaurant v. Churchill Chemists Corp., Sup., 112 N.Y.S. 2d 215; Beech-Nut Packing Co. v. P. Lorillard Co., 3 Cir., 7 F.2d 967; Stork Restaurant v. Sahati, 9 Cir., 166 F.2d 348, 357; Fox Fur Co., Inc., v. Fox Fur Co., Inc., D. C., 59 F.Supp. 12; Brooks Bros. v. Brooks Clothing of California, Ltd., D.C., 60 F. Supp. 442, 450; Menendez v. Holt, 128 U. S. 514, 9 S.Ct. 143, 32 L.Ed. 526; Yale Electric Corp. v. Robertson, 2 Cir., 26 F. 2d 972.

█ It follows from what I have found as the facts, and as conclusions of law, that the bill must be dismissed as to all defendants except the El Chico Canning Company, and its owners, who are enjoined from further use of the name, "El Chico," on its canned food.