## Caffarelli Brothers v. Western Grocer Company.

### No. 1869. Decided November 18, 1908.

**1.—Trade Mark—Adoption—Question of Fact.**

Evidence considered under which it is held to be a question of fact whether by the use of certain labels bearing the name "Georgia Coon" to designate a brand of mola ses offered for sale plaintiffs had so adopted the word "Coon" as their trade mark as to entitle them to maintain injunction against the use of the words "New Coon" as a label on cans of molasses placed on the market by another dealer. (Pp. 108–111.)

**2.—Same—Infringement—Registration.**

Where various designs, all bearing the name "Georgia Coon" had been used by plaintiffs, but only one registered as their trade mark, the question of infringement by the use of a design by a rival dealer bearing the name "New Coon" should be determined by comparison of same with plaintiff's registered trade mark, which thereby was made by him the standard of comparison. (P. 110.)

**3.—Trade Mark—Infringement.**

The test of infringement upon a trade mark, is whether the form of the printed words, the words themselves, and the figures, lines and devices, are so similar that any person, with such reasonable care and observation as the public generally are capable of using and may be expected to exercise, would mistake the one for the other. Evidence considered under which this is held to be a question of fact. (P. 111.)

**4.—Practice on Appeal—Rendering Judgment.**

Where the evidence was such as to leave the question of infringement of a trade mark one of fact for the jury, it was error for the appellate court, on reversing a judgment for defendant, to render judgment for plaintiff injoining the use of a certain device by defendant. (Pp. 109–111.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

The Western Grocer Co. brought suit against Caffarelli Bros. and appealed from a judgment for defendant. This was reversed and rendered for appellants and appellees obtained writ of error.

*Keller & Keller,* for plaintiffs in error.—In the case of unfair competition, where no technical trade mark has been infringed, fraud is of the essence of the cause of action, and the complainant is not entitled to relief unless it alleges and shows a fraudulent intention on the part of the defendants to deceive the public into the belief that their goods are the goods of the complainant. Lamont v. Leady, 88 Fed., 72; Wrisley v. Iowa Soap Co., 122 Fed., 796; Gorham Mfg. Co. v. Emery-Bird-Thayer Co., 104 Fed., 243, 244; Daviess Co. Dist. Co. v. Martinoni, 117 Fed., 186, 188; Heide v. Wallace, 129 Fed., 649; Putnam Nail Co. v. Ausable Horse Nail Co., 53 Fed., 390; Fairbank v. Bell Mfg. Co., 71 Fed., 295; Lamont v. Hershey, 140 Fed., 763; Hallett v. Cumston, 110 Mass., 29; Rogers v. Simpson, 9 Atl., 395; Harper v. Lare, 103 Fed., 203.

A descriptive combination of words, such as "Georgia Coon Brand, Genuine Molasses," is not the subject of a valid trade mark. Hesseltine on Trade Marks, etc., 40-43; Binneger v. Wattles, 28 How. Pr., 206; Brooklyn White Lead Co. v. Masury, 25 Barb., 416; Buffalo Pitts Co., Ex parte, 89 Official Gazette, 2069; Burke v. Cassin, 45 Cal., 467; Trask Fish Co. v. Wooster, 28 Mo. App., 408; Woef v. Barnet, 24 La. Ann., 97.

A geographical name applied in its ordinary significance to merchandise is not a valid trade mark. Hesseltine on Trade Marks, 61-67.

A trade mark can not consist of words in common use as designating locality, section or region of country. Columbia Mill Co. v. Alcorn, 150 U. S., 460; Dileworth H. Canal Co. v. Clark, 80 U. S., 12.

When a trade mark consists of a combination of words, letters, monograms, symbols, pictures and designs it is not infringed unless the whole combination be used. Tucker Mfg. Co. v. Boyinton, Fed. Cas., 14230; Munroe v. Tousey, 29 N. E., 9; American Brewing Co. v. Bienville Brewing Co., 153 Fed., 615.

The appropriation of a word in one combination of words does not preclude its use in other combinations which are not likely to mislead. Munroe v. Tousey, 29 N. E., 9; Pratts Mfg. Co. v. Astral Refining Co., 27 Fed., 492; La Republic Francaise v. Schultz, 115 Fed., 196; Kohler Mfg. Co. v. Beshore, 53 Fed., 262; Virginia Hot Springs Co. v. Hegeman, 138 Fed., 855; Daviess Co. Dist. Co. v. Martinoni, 117 Fed., 186; Desmond's Appeal, 103 Pa. St., 126; Amoskeag Mfg. Co. v. Trainer, 101 U. S., 51, 56.

A resemblance in a particular common to the trade is not an infringement. Ball v. Siegel, 116 Ill., 137, 56 Am. Rep., 766; Heide v. Wallace Co., 135 Fed., 346; Fairbank v. Bell, 71 Fed., 296.

There is no infringement of a trade mark where there is only a general resemblance not calculated to deceive the ordinary purchaser. Postum v. American Health Food Co., 119 Fed., 850; Popham v. Cole, 66 N. Y., 69; Heinz v. Lutz, 23 Atl., 314; Gilman v. Hunnewell, 122 Mass., 139; Amoskeag Mfg. Co. v. Trainer, 101 U. S., 51; Partridge v. Meuch, 2 Sandf. Ch., 622.

There is no infringement on the ground of unfair trade where there is only a general resemblance not calculated to deceive the ordinary purchaser in the ordinary course of business, or where there is.

some sign or name distinguishing the origin of the goods. Coats v. Merrick Thread Co., 149 U. S., 562, 567; Alff v. Radam, 77 Texas, 530, 541; Allen B. Wrisley Co. v. Iowa Soap Co., 122 Fed., 796; Bass v. Jeltner Brewing Co., 87 Fed., 468; Centaur Co. v. Marshall, 97 Fed., 785, 791; Regensberg v. Portundo, 136 Fed. Rep., 866, 869; Cole Co. v. Cement & Oil Co., 130 Fed., 703; Heide v. Wallace, 135 Fed., 346; Heinz v. Lutz, 23 Atl., 314; Hubinger Bros. v. Eddy, 74 Fed., 551; P. Lorillard Co. v. Peper, 86 Fed., 956; Postum Cereal Co. v. American Health · Food Co., 119 Fed., 848; Virginia Hot Springs Co. v. Hegeman, 138 Fed., 855; Nicholson v. Stickney, 59 S. W., 121; Yale & Towne Mfg. Co. v. Alder, 149 Fed., 783; Solis Cigar Co. v. Pozo et al., 26 Pac., 556; Galena Signal Oil Co. v. Fuller, 142 Fed., 1002; Howe Scale Co. v. Wyckoff, 198 U. S., 140; American Brewing Co. v. Bienville Brewery, 153 Fed., 615; Germer Stove Co. v. Art Store Co., 150 Fed., 141; Proctor & Gamble v. Globe Refining Co., 92 Fed., 357.

The court erred in reversing and rendering judgment herein, because the fact of infringement is a question for the jury, or the court in the absence of a jury, and this court should not have disturbed the findings of the court below on this issue. Texas Midland Ry. Co. v. Brown, 58 S. W., 44; Washington v. Eastham, 56 S. W., 78; Royers v. Eubanks, 56 S. W., 102; State v. Humphreys, 56 S. W., 945; Wagner v. George, 56 S. W., 948.

The court erred in holding that the use of the words "Georgia Coon" and "genuine molasses," in connection with the trade mark on molasses that was not made in Georgia and not pure cane molasses, but formed largely of glucose, was not such a deception as to prevent appellant from obtaining relief in a court of equity. Manhattan Medicine Co. v. Wood, 108 U. S., 218; Warden v. Cal. Fig-Syrup Co., 187 U. S., 516; Cal. Fig-Syrup Co. v. Putnam, 66 Fed., 750; Raymond v. Royal Baking Powder Co., 85 Fed., 231, 70 Fed., 376; Wrisley Co. v. Iowa Soap Co., 104 Fed., 548; Coleman, etc., Co. v. Dannerberg Co., 30 S. E., 639; Solis Cigar Co. v. Pozo, 26 Pac., 556; Joseph v. Macowsky, 31 Pac., 914; American Cereal Co. v. Pettijohn Cereal Co., 72 Fed., 907; Hilson Co. v. Foster, 80 Fed., 896; Kenny v. Gillet, 17 Atl., 499; Siegert v. Gandolfi, 139 Fed., 917; Krauss v. Peebles' Sons Co., 58 Fed., 585; Epperson v. Bluthenthal, 42 So., 863; Uri v. Hirsh, 123 Fed., 568; Prince Mfg. Co. v. Prince Paint Co., 31 N. E., 990; Moxie Nerve Food Co. v. Modox Co., 152 Fed., 493; Kohler Mfg. Co. v. Beeshore, 59 Fed., 572.

*J. I. Kercheville* and *Marcus W. Davis,* for defendant in error.— Appellant's prior and continuous use of the words, "Georgia Coon," to name and designate its molasses and syrups constituted a valid trade mark, which should not be simulated or infringed by the adoption and use of the words, "New Coon," as a trade mark for molasses and syrups, and the trial court should have perpetually enjoined appellees from the use of such words for said purpose. Radam v. Microbe Destroyer Co., 81 Texas, 133; Duke v. Cleaver, 19 Texas Civ. App., 218; Goodman v. Bohls, 3 Texas Civ. App., 183; Lynn Shoe Co. v. Auburn-Lynn Shoe Co., 4 L. R. A. (N. S.), 961; Fuller v. Huff,

51 L. R. A., 334; Higgins Co. v. Higgins Soap Co., 27 L. R. A., 45; Hopkins on Unfair Trade, sec. 65; McClean v. Fleming, 96 U. S., 251; Coats v. Thread Co., 149 U. S., 562; Saunders v. Jacob, 20 Mo. App., 96; Lawrence Mfg. Co. v. Lowell Hosiery Mills, 129 Mass., 327; Langhman v. Piper, 5 L. R. A., 601; Paul on Trade Marks, sec. 283; National Biscuit Co. v. Baker, 95 Fed., 135; Gaines & Co. v. Leslie, 54 N. Y. Supp., 421; 2 Bouvier's Law Dictionary, 1129; Paul on Trade Marks, sec. 250; Hier v. Abrahams, 82 N. Y., 519; Pike Mfg. Co. v. Cleveland Stone Co., 35 Fed., 896; Walker v. Mikolas, 79 Fed., 955.

An article of merchandise may be advertised by a certain catch word, easily retained in the memory (as the word "Coon"), and an imitation of it may be sufficient to deceive purchasers exercising ordinary care, although the wrapper, in other respects, may be dissimilar; and if so, a court of equity should in such a case restrain such imitation and infringement. Paul on Trade Marks, sec. 254; Stuart v. Stewart Co., 33 C. C. A., 480, 91 Fed., 243.

In order to justify the intervention of a court of equity, where an infringement is claimed, it is sufficient that the imitation is so close that a crafty vendor may palm off on the buyer the article sold by one as that of another, and it is no answer to an application for an injunction that in certain particulars the label of the defendant differs from that of the plaintiff, so long as the imitation in other respects is so close that the general appearance is the same, and purchasers have been and are likely to be deceived. Paul on Trade Marks, sec. 254; Brown v. Mercer, 37 N. Y., 265; Walker & Sons v. Mikolas, 79 Fed., 955; Fairbank Co. v. Bell Mfg. Co., 77 Fed., 869.

It is not indispensible that the words and devices of the two trade marks should be in fact identical to constitute an infringement. Lynn Shoe Co. v. Auburn-Lynn Shoe Co., 4 L. R. A. (N. S.), 968.

If the plaintiff has the absolute right to the use of a particular word or words as a trade mark, then if an infringement is shown the wrongful or fraudulent intent is presumed, and, although allowed to be rebutted in exemption of damages, the further violation of the right of property will nevertheless be restrained. Same authorities.

Even though there should be no technical infringement of a trade mark, yet if the similitude is so close as to deceive the purchaser of ordinary intelligence and carefulness into buying the goods of the simulator for those of another, under the doctrine of unfair trade, a court of equity will give relief to the complaining parties. Authorities ante.

Prefixes and suffixes to a trade mark do not give the infringing party any better right thereby to simulate another's trade mark in such a manner. Fuller v. Huff, 51 L. R. A., 335; Gaines & Co. v. Leslie, 54 N. Y. Supp., 421.

Where a particular word, as "Coon," is applied to molasses and syrups, as a trade mark, and such word is distinctive and peculiar, the use by appellees of the same word to name, mark or designate its goods, even though it be associated with other words, is such

an infringement as will be enjoined by a court of equity. Gaines & Co. v. Leslie, 54 N. Y. Supp., 423; Pike Mfg. Co. v. Cleveland Stone Co., 35 Fed., 896; Walker v. Mikolas, 79 Fed., 955; Fleischmann v. Schuckmann, 62 How. Prac., 92; Edelsten v. Edelsten, 7 Law T. (N. S.), 768; Seixo v. Provezende, 14 Law T. (N. S.), 314.

The test of infringement is whether the alleged infringing article is so dressed up as to be likely to deceive persons of ordinary intelligence, exercising the slight care ordinarily used, into purchasing one man's goods for the goods of another. Schener v. Muller, 74 Fed., 225; Sterling Remedy Co. v. Eureka Chemical Mfg. Co., 80 Fed., 105; Columbia Mill Co. v. Alcorn, 150 U. S., 458; Von Mumm v. Frash, 56 Fed., 830; Tarrant & Co. v. Haff, 76 Fed., 959; McLean v. Fleming, 96 U. S., 245; Walter Baker & Co. v. Baker, 77 Fed., 180; Anheuser-Busch Brewing Assn. v. Clarke, 26 Fed., 410.

If the simulated label, trade name, or trade mark, is calculated to deceive, or does deceive, purchasers of ordinary intelligence, exercising slight care, into buying the goods of the infringing party for those of the infringed, then a court of equity should restrain the further use of such simulated label, trade name or trade mark, as the case may be. Duke v. Cleaver, 19 Texas Civ. App., 218; Goodman v. Bohls, 3 Texas Civ. App., 183; Gaines & Co. v. Leslie, 54 New York Supp., 423.

Mr. Justice Brown delivered the opinion of the court.

The Western Grocer Company instituted this suit in the District Court of Bexar County to enjoin Caffarelli Bros. from the infringement of its trade mark. It was alleged that in 1898 A. B. Frank Company, then engaged in business in the city of San Antonio, adopted as their trade mark the words, "Georgia Coon," to be used on molasses and syrups sold by the said firm. That in 1903 A. B. Frank Company sold out their grocery business to the Western Grocer Company and sold and assigned the said trade mark with that business. The trade mark used by A. B. Frank Company was upon a label marked No. 1 in the record, consisting of a picture wherein is represented a sugar farm with four negro men working at the standing cane, a cart with a negro man standing on it and drawn by a yoke of oxen, and in the distance is a picture of a sugar house with smoke ascending from the smoke stack, and other things not necessary to mention. The words, "Georgia Coon," were upon the upper margin. After the purchase from A. B. Frank Company by the Western Grocer Company, about June 1, 1904, the latter company devised and adopted a label differing from that stated above, but retained the words, "Georgia Coon," on it. Label No. 2 had upon it the picture of a raccoon on a limb of a tree with a monogram on each side, "W. G. Co.," and just above the coon were the words, "Georgia Coon Brand;" beneath the coon was written, "Fancy Table Syrup, Western Grocer Co., San Antonio, Texas." It was alleged in the petition that Caffarelli Bros. had used on molasses and syrups sold by them labels with the words, "New Coon," thereon, which constituted an infringement of the trade mark of the Western Grocer Company.

The first issue that arises is, did the evidence show conclusively

an appropriation of the word, "Coon," by A. B. Frank Company before the plaintiffs in error adopted their trade mark, "New Coon." W. J. Morrison testified that he was the confidential assistant to Mr. Weiss, a member of the firm of A. B. Frank Company, who seems to have been in charge of the grocery department; that in Mr. Weiss' absence he transacted the business of that department; he purchased groceries and sold them, and, one time when Mr. Weiss was away in 1898, he, Morrison, purchased of the Geyer Company a lot of molasses and when it came he "stumbled" on the words, "Georgia Coon," on the cans or barrels, and he said he thought that would be a good name to use on the molasses. When Mr. Weiss returned he saw a can of molasses with the words on it and said: "Halloo, Morrison, where did you get that?" Witness told him where he bought the molasses and Mr. Weiss said: "That is a pretty good name for the molasses." Being asked the question what A. B. Frank Company did towards adopting the words as a trade mark, the witness said: "Mr. Weiss registered a good many trade marks, but I do not know whether he registered that one or not." Then afterwards said: "I think he did." The witness further said: "It was always a fad of mine—an idea of mine—to identify the concern with certain labels. It did not appeal to Mr. Weiss very much, nor did it appeal to A. B. Frank, principally on account of the expense of getting out labels, and I did not deem it of sufficient importance to pursue the matter with Mr. Frank after Mr. Weiss left; but immediately after I took charge of the Western Grocer Company, as soon as I got rid of more pressing matters, which took about six months, after running three or four months, say, I took up the matter and ordered a lot of labels to be printed with the words, 'Georgia Coon.'" The witness said that these labels were received in June, 1904. In the course of his examination the witness also said that he had used the words, "Georgia Coon," on the molasses all the time after he first had the conversation with Mr. Weiss, in 1898, until A. B. Frank Company sold out to the Western Grocer Company.

If it shall be proved on another trial that the words, "Georgia Coon," were adopted by A. B. Frank Company, then the sale of the stock of groceries to the Western Grocer Company would carry the right to the trade mark to the latter.

The evidence in this case does not show conclusively that A. B. Frank Company adopted the word, "Coon," as a trade mark for molasses and syrups sold by that company. The fact that the company registered a number of trade marks, but did not register the word, "Coon," or the words, "Georgia Coon," tends strongly to prove that A. B. Frank Company did not intend to adopt those words, but that it was a fad of Morrison to identify the company with the words, "Georgia Coon," which did not interest Mr. Weiss nor Mr. Frank. However, from the evidence of long use by Morrison in the employ of A. B. Frank Company of labels with the words, "Georgia Coon," upon them a jury might conclude that it was done with approval of Frank Company with the purpose of adopting the words

as a trade mark. That question should be submitted to the jury at another trial.

The evidence in this case and the petition show that after the Western Grocer Company purchased the business of A. B. Frank Company, Mr. Morrison, being a member of the last company and in charge of the sales department, used the label No. 1 until about June, 1904, when he had printed for the use of the Western Grocer Company in the sale of its molasses and syrups label No. 2, as shown by the statement above, which was continued in use until after the institution of this suit. In the first label used by A. B. Frank Company in connection with the words, "Georgia Coon," the coon idea was represented by the negro men in the picture; but in label No. 2 that idea was represented by the picture of the animal itself, a raccoon upon a limb of a tree, and in connection with that picture was also the monogram, "W. G. Co." There is a marked difference, we think in the two labels and the combination of different things which may be said to constitute the trade mark of the company. The words, "Georgia Coon," are preserved in this as they were in the former, but all else in this label is entirely new and embraces three different things which might be separately used as a trade mark, that is, the word, "Coon," the picture of the coon, and the monogram. Also the entire combination of the coon, the picture and the monogram might be used as a trade mark. This condition of the evidence raises the question as to whether the Western Grocer Company in adopting the last designs, ceasing to use the first, did not abandon the single word, "Coon," as a trade mark. 28 Am. & Eng. Ency., 396 VI; Kohler Mfg. Co. v. Beshore, 53 Fed. Rep., 264.

In determining the question of infringement or not the standard of comparison should be the registered trade mark, trade name, etc., shown upon the labels Nos. 2 and 3; they were alone in use when the suit was filed. It is alleged in the petition that those labels were registered about the first of June, 1904, and that they were thereafter used by the Grocer Company as their trade mark. (Kohler Mfg. Co. v. Beshore, 53 Fed. Rep., 262.) In that case the plaintiff had registered a trade mark and afterwards in bringing a suit alleged a different arrangement of the words which he claimed to have been infringed. With reference to that the court said: "The plaintiff certainly knew what its trade mark was, if they had one, and the foregoing statement should therefore be regarded as conclusive. The registration was notice to everybody that the trade mark claimed was what is there set up, and nothing else." It is not necessary for us to go to the length in this case that the opinion did in that, but we are of opinion that the registration of the trade mark is sufficient to establish it as the standard of comparison in this suit, especially as the allegations are based upon that trade mark. The fact that the word, "Coon," was used in the labels of the Caffarelli Bros. does not necessarily make his label and trade mark an infringement upon that of the Grocer Company. (Desmond's Appeal, 103 Pa. St., 129; Gilman v. Hunnewell, 122 Mass., 139.) That case is strongly in point in support of that proposition. The different labels used by the plaintiff and the defendant in that case show that there were

many points of resemblance in using the same words, and in fact in using the words which the plaintiff claimed to be his trade mark but in different combinations. The court said: "All the authorities agree that the court will not restrain a defendant from the use of a label, on the ground that it infringes the plaintiff's trade mark, unless the form of the printed words, the words themselves, and the figures, lines and devices, are so similar that any person, with such reasonable care and observation as the public generally are capable of using and may be expected to exercise, would mistake the one for the other." Many authorities could be cited in support of the same proposition, but we deem it unnecessary to multiply them. Under the rule laid down in the case above cited the comparison of the two trade marks is to be made, not only of the word "Coon" and its relation to other words, but all of the devices, marks and figures that are upon the label of the plaintiff and those upon the label of the defendant, and if upon such a comparison it shall be found by the jury that the label and trade mark of the Caffarelli Bros. is calculated to deceive a person of ordinary prudence, in the exercise of such ordinary prudence, who desired to purchase the molasses or syrups sold by the Grocer Company, and lead such purchaser to buy the molasses or syrups of Caffarelli Bros., then the infringement would be established. If, however, the evidence falls short of this there is no such infringement as by law could give a right of action to the Grocer Company. The question of infringement or not is one of fact to be submitted to the jury. Of course, there might be such unquestioned similarity that a court would be justified in telling the jury, as a matter of law, that the one was an infringement of the other, but such is not the evidence in this case. We are of opinion that the Court of Civil Appeals erred in rendering judgment in this case for the Grocer Company and we therefore reverse the judgment of the Court of Civil Appeals and remand the case to the District Court.

*Reversed and remanded.*