## DALLAS PLUMBING CO. v. DALLAS COUNTY PLUMBING CO.
### (No. 9043.)

(Court of Civil Appeals of Texas. Dallas.
June 9, 1923.)

1. **Trade-marks and trade-names and unfair competition ⬦⬦100 — Question for appellate court on appeal from denial of an injunction restraining use of a trade-name stated.**

On appeal from a denial of an application for a temporary injunction restraining the use of a trade-name, the trial court having found against petitioner's claims of fraudulent purpose and deception of public, the question is: Are the two names so similar that a person, using such care as the public in general may be expected to exercise, would by mistake deal with one when he intended to deal with the other.

2. **Trade-marks and trade-names and unfair competition ⬦⬦95(5) — Trial court's finding that name Dallas County Plumbing Company did not compete unfairly with Dallas Plumbing Company held not abuse of discretion.**

Where defendant had used the name of Dallas County Plumbing Company for over 18 months without any complaint, the trial court's decision, on an application for temporary injunction, that such use did not compete unfairly with the name of Dallas Plumbing Company, *held* not such an abuse of discretion as required a reversal.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Suit by the Dallas Plumbing Company against the Dallas County Plumbing Company. From a denial of a temporary injunction, plaintiff appeals. Affirmed.

Whitehurst & Read and T. H. Betts, all of Dallas, for appellant.

Rasbury, Adams, Stennis & Harrell, of Dallas, for appellee.

JONES, C. J. Both appellant and appellee are doing a general plumbing business in the city of Dallas. Appellant has been doing business under the name of "Dallas Plumbing Company" for a period of about 20 years. Until the year 1914 the name was used to designate a copartnership, but during the year 1914 it was incorporated and the same name adopted as its corporate name. Appellee uses the name of "Dallas County Plumbing Company" merely as a trade-name. When the name was first adopted the business was operated by the present owner, J. F. Grimm, and one Boone, as a copartnership. At a later time appellee Davis was interested in the business as a partner with Grimm; but, at the time the suit was filed, appellee J. F. Grimm was the sole owner of the business, Davis having no interest in it whatever. The suit was filed by appellant praying for an injunction restraining appellees Grimm and Davis from using "Dallas Plumbing Company" in its trade-name, and restraining them from advertising their business in the city of Dallas, Tex., by using "Dallas Plumbing Company" in connection with its name, and also for damages alleged to have been occasioned it by the use of the name adopted by appellee.

The application for a temporary writ of injunction was set down by the court for hearing, and, at said hearing, appellees filed an answer denying all of the equities set up in appellant's petition. After a hearing on the issues thus joined by appellant's sworn petition and appellee's sworn answer, the court denied the prayer for a temporary writ of injunction, and the case is brought to this court for review.

[1, 2] The court necessarily found against appellant on its charge of appellee's having adopted the name under which he was doing business for the fraudulent purpose of securing patrons that otherwise would have gone to appellant; also, on its charge that use was made by appellee of such name for the purpose of deceiving the public and the patrons of appellant by causing them to believe they were giving their business to appellant. The question then to be decided by this court is: Are the two names so similar as that any person with such reasonable care and observation as the public general is capable of using, and may be expected to exercise, would mistake the one for the other and deal with the one business concern when he intended to deal with the other? Caffarelli Bros. v. Western Grocer Co., 102 Tex. 104, 127 S. W. 1018. The trial court necessarily decided that such was not the case, and we do not believe there was such an abuse of discretion as would call for a reversal of the judgment. For over a year and one-half appellee had been permitted to use the name adopted without any complaint from appellant. During that time perhaps a business had been built up connected with the name adopted. It may be that upon a final trial of the case facts might be developed that would warrant a jury in finding that appellee, in choosing the name so similar to the name of appellant, was guilty of unfair

competition; but we do not feel warranted in advance of a trial upon the merits of the case to destroy whatever appellee had built up by reason of the name adopted, and we therefore affirm the judgment of the lower court.

Affirmed.