## PLAZA CO. v. WHITE et al.

### No. 11150.

Court of Civil Appeals of Texas.
San Antonio.
March 4, 1942.

Dodson, Ezell & Duke, of San Antonio, for appellant.

Leo Brewer, and William E. Remy, both of San Antonio, for appellees.

NORVELL, Justice.

This is an "unfair competition" case. The Plaza Company, appellant, asserts that the trial court erred in refusing to issue a perpetual injunction restraining appellees,. A. C. White (also known as Jack White) and White Hotel Company, from using the Word "Plaza" in the name of a hotel operated by appellees in San Antonio, Texas,. under the name of "White-Plaza Hotel". Appellant contends that the word "Plaza" had acquired a secondary meaning identifying "The Plaza Hotel," which is owned by appellant and also situated in San Antonio, Texas.

Trial below was to the court. Findings of fact and conclusions of law were requested and filed. Many of appellant's. points complain of the failure of the trial court to make certain requested findings.

Upon proper request the trial judge must find upon every material issue

raised by the evidence. State v. Pease, Tex.Civ.App., 147 S.W. 649. He is not, however, required to make findings on evidentiary as distinguished from controlling matters. San Antonio & A. P. R. Co. v. Mullan, Tex.Civ.App., 186 S.W. 782. There is a well-recognized distinction between the review of asserted errors in an appellate court in connection with the submission of special issues to a jury and the review of a case upon findings and conclusions of the trial court. See Greer v. Thaman, Tex.Com.App., 55 S.W.2d 519, a jury case, and Garcia v. State, Tex.Civ. App., 274 S.W. 319, a non-jury case. In the latter case it was held that the failure of the trial court to file findings in accordance with the appellant's theory of the case was not reversible error. Obviously no error is disclosed by the refusal of the trial court to make a particular requested additional finding which would conflict with an original finding theretofore made by the court and supported by the evidence. Brady v. Garrett, Tex.Civ.App., 66 S.W.2d 502. No error is presented by the action of a trial court in refusing to find on an immaterial issue or to make additional findings when facts theretofore found are adequate and fairly cover the case. Consolidated Flour Mills Co. v. Holbrook, Tex. Civ. App., 66 S.W.2d 376; Austin v. Freestone County, Tex.Civ.App., 288 S.W. 870.

Upon application of the rules above stated, we overrule appellant's points relating to its requests for additional findings.

Appellant's remaining points are divisible into two categories, those attacking the findings made by the court and those asserting that appellant was entitled to an injunction as a matter of law.

For the purpose of discussion of these points, we make a brief statement of the facts taken from the most part from the trial court's findings.

The appellant is the owner of a hotel situated at the corner of St. Mary's and Villita Streets, San Antonio, Texas, which is known as "The Plaza Hotel." From 1927 until August 1, 1940, appellee, Jack White, was employed by appellant as the manager of said hotel. White is and has been, since 1929, the operator of The Plaza Hotel in Corpus Christi, holding the controlling interest in the corporation which owns said hotel.

White also owns all the capital stock of the White-Plaza Hotel Company, which holds a long term lease upon the White-Plaza Hotel situated in Dallas, Texas. White is and has been, since January 1, 1939, the operator of the White-Plaza Hotel at Dallas.

While White was manager of the Plaza Hotel in San Antonio and the operater of the Plaza Hotel at Corpus Christi and the White-Plaza Hotel at Dallas, said hotels were operated as affiliates, all being largely under the control and direction of Jack White.

While White was manager of The Plaza Hotel at San Antonio his name was prominently associated with the name of the hotel in its advertising.

On August 1, 1940, appellant discharged White as manager of its hotel. In March, 1941, White organized a corporation known as the White Hotel Company, which he now controls. In April this company took over the operation of the Lanier Hotel, situated at the corner of Travis and North St. Mary's Street. The name of this hotel was changed to "White-Plaza Hotel" and in May the signs outside the hotel building were changed accordingly.

The trial court found that appellees did not adopt the name "White-Plaza Hotel" for the fraudulent purpose of deceiving the public by causing the members thereof to believe they were patronizing the Plaza Hotel in San Antonio when patronizing the White-Plaza Hotel, but rather because of the fact that in advertising and purchasing supplies a substantial saving could be realized by White in operating the Dallas, San Antonio and Corpus Christi hotels, under similar names.

The trial court found that the word "plaza" was a word in common and general use throughout the United States and especially in San Antonio, Texas; that there were numerous businesses in San Antonio, whose trade name included the word "plaza." The court refused to find that the word "plaza" alone had acquired a secondary meaning designating appellant's hotel, but did find that the name "The Plaza Hotel" through long use in the City of San Antonio, Texas, had acquired a secondary meaning as a hotel owned and operated by appellant.

The trial court further found that the two names, "The Plaza Hotel" and the "White-Plaza Hotel" were "not so similar as that any person with such reasonable care and observation as the public general

is capable of using and may be expected to exercise, would mistake the one for the other and deal with the one hotel when he intended to deal with the other." (Finding No. 35.)

This finding is upon a controlling fact issue. Dallas Plumbing Co. v. Dallas County Plumbing Co., Tex.Civ.App., 253 S.W. 308. However the findings of the trial court as to the secondary meaning of the words "Plaza" and "The Plaza Hotel" be considered, no injunction should issue if the above finding has support in the evidence. If such finding does have support in the evidence, then it follows that appellant's points attacking such finding, as well as the points asserting that appellant is entitled to an injunction as a matter of law, should be overruled. Further, as we view the record, the sustaining of said finding No. 35 renders appellant's remaining points largely immaterial, as they relate to matters which are not controlling.

The case therefore turns upon the validity of appellant's attack upon the finding under discussion.

Appellant complains that finding No. 35, as well as others of similar import, is erroneous in that the court limited its "findings of fact upon the issue of confusion to those patronizing or who will patronize appellee White Plaza Hotel in San Antonio intending to patronize and believing they were or will be patronizing the appellant Plaza Hotel in San Antonio."

Appellant's position may be made more clear by here quoting its 84th requested finding, which was refused by the trial court: "I find from all the facts and circumstances in evidence, together with the advertising by Defendants of their hotels as White-Plaza Hotels in Dallas, in Corpus Christi and in San Antonio, that the use by Defendants of the word 'Plaza' as part of the name of their hotel in San Antonio tends to create confusion among the public generally in the exercise of ordinary care but not informed of the facts, and tends to mislead with respect to The Plaza Hotel of Plaintiff in San Antonio as well as The Plaza Hotel in Corpus Christi being included in The White-Plaza Hotels."

■ If appellant's points be considered as asserting the proposition that the mere fact that some confusion, unattended by loss of business to the competitor, may arise, then said points should be overruled, for, as stated in Ruling Case Law, "the gist of the action (of 'unfair competition') is not the harmless use of the particular words or symbols, but the appropriation of a competitor's business to his injury." 26 R.C.L. 881. See, also, Young & Chaffee Furniture Co. v. Chaffee Bros. Furniture Co., 204 Mich. 293, 170 N.W. 48; Wrisley Co. v. Iowa Soap Co., 8 Cir., 122 F. 796; A. Weiskittel & Son Co. v. J. Harry C. Weiskittel Co., 167 Md. 306, 173 A. 48.

■ If appellant's points be considered as an attack upon the sufficiency of the evidence, they should be overruled. It is true of this case, as of most cases of a similar nature, that "what degree of resemblance between the names or devices is sufficient to warrant the interference of a court in cases of this kind is not capable of exact definition. It is, and must be, from the very nature of the case, mainly a question of fact, to be determined by the circumstances appearing in each particular case." Computing Cheese Cutter Co. v. Dunn, 45 Ind.App. 20, 88 N.E. 93, 95, quoting from Atlas Assurance Co. v. Atlas Insurance Co., 138 Iowa 228, 112 N.W. 232, 114 N.W. 609, 15 L.R.A.,N.S., 625, 128 Am. St.Rep. 189.

■ Upon the record before us we would not be warranted in setting aside the trial court's findings. 3 Tex.Jur. 1102, § 771.

All of appellant's points have been considered and are overruled. In addition to Dallas Plumbing Co. v. Dallas County Plumbing Co., Tex.Civ.App., 253 S.W. 308, our holdings are supported by the following authorities: Dixiepig Corporation v. Pig Stand Co., Tex.Civ.App., 31 S.W.2d 325; Dilworth v. Hake, Tex.Civ.App., 64 S.W.2d 829; Henke & Pillot v. Hanovice, Tex.Civ. App., 77 S.W.2d 303. In connection with the last case cited, see, also, Goidl v. Advance Neckwear Co., 132 Tex. 308, 123 S. W.2d 865.

The judgment of the trial court is affirmed.