## MARSHALL MFG. CO. v. VERHALEN et al.

### No. 13208.

Court of Civil Appeals of Texas. Dallas.
May 29, 1942.

Rehearing Denied June 26, 1942.

John M. Spellman, S. P. Sadler, and Douglas E. Bergman, all of Dallas, for appellant.

Thomas G. Murnane, of Dallas, for appellees.

BOND, Chief Justice.

Appellant, as plaintiff below, instituted this suit against Walter Verhalen et al. for infringement of its trade-mark on bushel and half-bushel fruit and vegetable shipping baskets, and for unfair competition in that respect, for injunction, and for damages. At the conclusion of plaintiff's evidence, on motion of the defendants, the trial court peremptorily instructed the jury to return a verdict against the appellant and, in judgment, denied it the relief sought.

■ The trade-mark of appellant's baskets is one continuous red stave extending down one side of the baskets, under the bottom and up the directly opposite side; and the baskets manufactured by the defendants, which are claimed to be infringement upon and in unfair competition to plaintiff's specially designed baskets, bear two such continuous staves of the same type and distinctive red color, placed at right angles to each other, so that, in most positions, only one of the staves is visible to the casual observer. The red color in the staves is not functional in either of the baskets; they are merely ornamental and designed to designate the origin and source of the goods. Baskets manufactured by both the plaintiff and the defendants were presented in trial of the cause, and are here exhibited, which are clearly indicative of competitive rivalry by the manufacturers of the alleged similarly designed baskets, presenting, we think, issues as to whether they are calculated to create confusion and infringement and unfair competition among the manufacturing concerns; the decision of which rests solely with the fact-finding agency.

■ Then, too, the evidence is uncontroverted that the designed trade-mark of appellant, with one continuous red stave extending around its baskets, was duly registered in 1931 under the applicable Federal Act of February 20, 1905, in the Patent Office, Washington, D. C., and subsequently filed in the office of the Secretary of State, of the State of Texas, under Texas law authorizing priority of registration of labels, trade-marks, designs, devices, imprints, and forms of advertisement. These registrations, at least, raise definite prima facie presumption that the plaintiff was the owner of the trade-mark, and that it was the original designer thereof, and creates an assumption of validity. DePont Cellophane Co. v. Waxed Products Co., 2 Cir., 85 F.2d 75; Alfred Schneier Co. v. Bramson, D.C., 16 F.Supp. 493; Hygienic Products Co. v. Coe, 66 App.D.C. 98, 85 F.2d 264. Such presumption, however, may be, and we think in this case was, rebutted, but the registrations of the technical trade-mark raises an issue of fact, which was within the exclusive province of the jury to determine.

■ The same rule, reflecting evidence of the adoption of trade-marks, applies with equal force to the right of the court to invade the province of the jury: There is substantial evidence in the record that plaintiff adopted the continuous red stave in the field of natural wood color in its

bushel and half-bushel shipping baskets in 1926, and, at that time, there were no other baskets of that class manufactured having red staves. The record further discloses that plaintiff continued the use of the red colored stave in the manufacture, sale, and distribution of its baskets in the trade territory of Texas and in interstate commerce among many of the other states of the Union, for approximately nine years before any other basket of similar design appeared in the trade; and, in 1935, the defendants, with full knowledge of plaintiff's mark and use, began the manufacture, sale, and distribution, in the same trade territory, of similar baskets, having two red staves; and there is much evidence that plaintiff's trade-mark had become a common law trade-mark, established and recognized by the public as the product of plaintiff, hence acquired a secondary meaning. Therefore, if plaintiff had not, in fact, acquired a technical trade-mark and had no exclusive right to use the red stave, as indicative of its product, yet the jury had the right to determine the origin, quality and use of the ensemble, and, on favorable findings, plaintiff would be entitled to a public guarantee securing its product against trespass, on the ground of unfair competition; plaintiff's trade-mark would have a secondary meaning acquired by usage and under recognition by the public, thus an exclusive right to its use as a true and valid trademark.

 It is unfair competition for a manufacturer to give his product so close a resemblance in appearance to the goods of another that confusion will, or is likely to, arise among the public, as to the identity of the manufacturer. While mass color unconnected with design is not subject to exclusive adoption as a trade-mark, yet if the distinction and identification have been achieved by prior adoption and use of a distinctive color in an ensemble, such color in itself by a rival manufacturer, which will bring about confusion, may be enjoined. Clifton Mfg. Co. v. Crawford-Austin Mfg. Co., Tex.Civ.App., 12 S.W. 2d 1098. Whether plaintiff's competition of color with the design constitutes a trade-mark depends upon the character of the design, and whether a competition of the same color in place with the design employed by the alleged trespasser infringes on plaintiff's adoption, or is unfair to plaintiff's prior use, must be determined by the jury. So, in this case, it was the province of the jury to find upon every material issue raised by the evidence, and we think it is clear that the distinctive markings of plaintiff's baskets and that employed by the defendants raised the issues that the one continuous red stave so placed in the field of the natural color wood of the baskets by plaintiff, was a technical trademark; and, further, if not, it had a secondary meaning, designating appellant's baskets through long and continuous use and advertisement; and that the defendants' baskets, with two continuous red staves crossing each other at right angles under the bottom of the baskets, were so similar as that any person would observe and mistake the one for the other and deal for one when he intended to deal for the other. Such findings would be upon controlling fact issues. Dallas Plumbing Co. v. Dallas County Plumbing Co., Tex.Civ. App., 253 S.W. 308; Dixiepig Corp. v. Pig Stand Co., Tex.Civ.App., 31 S.W.2d 325; Plaza Co. v. White et al., Tex.Civ.App., 160 S.W.2d 312; writ of error refused.

* In the last cited case, the Plaza Hotel sought to enjoin The White-Plaza Hotel from using the name "White-Plaza," designating its trade-name as an infringement on plaintiff's trade-name—"The Plaza Hotel." In the course of the opinion, the San Antonio Court of Civil Appeals held, quoting from Atlas Assurance Co. v. Atlas Insurance Co., 138 Iowa 228, 112 N.W. 232, 233, 114 N.W. 609, 15 L.R.A.,N.S., 625, 128 Am.St.Rep. 189, that "* * * what degree of resemblance between the names or devices is sufficient to warrant the interference of a court in cases of this kind is not capable of exact definition. It is, and must be, from the very nature of the case, mainly a question of fact to be determined by the circumstances appearing in each particular case." So, in the case here, the court below was not warranted to take the case from the jury and enter judgment in the absence of findings determinative of the ultimate issues of fact raised by the pleadings and the evidence, hence the judgment is reversed and the case remanded.

Reversed and remanded.