## GEORGE H. DENTLER & SONS v. FULLER'S FOOD PRODUCTS.

### No. 11639.

Court of Civil Appeals of Texas. Galveston.

Oct. 12, 1944.

Rehearing Denied Nov. 16, 1944.

T. E. Richards, Jr., A. J. Gould, and Edward S. Boyles, all of Houston, for appellant.

Lewis & Knipp, R. R. Lewis, and Ernest A. Knipp, all of Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the 61st District Court of Harris County sus-

taining appellee's special exception to the legal sufficiency of the appellant partnership's petition, wherein it sought a permanent injunction against the use by the appellee of a label, design, or trademark, employed by him in selling bags of fried potato chips, claimed to infringe upon appellant's package then in use for the same purpose, and dismissing appellant's suit for such writ, inclusive of its claim for resultant damages from the declared upon infringement.

In so sustaining the special exception, denying the injunction prayed for, and dismissing the suit, the decree recited:

" * * * it appearing to the Court and the Court having found that the action asserted by the plaintiffs in their first amended original petition is one for a permanent injunction·to restrain the defendant Fuller from the use of a label (which is variously referred to in the petition as a label, imprint, design, and trademark) on five-cent packages of fried potato chips, and for damages for past use of such label, grounded upon a claimed imitation and consequent infringement by defendant of plaintiffs' label; and it further appearing that the plaintiff has attached to his first amended original petition one each of plaintiffs' and defendant's labels, which labels are by reference incorporated in and made a part of plaintiff's first amended original petition; and it further appearing to the Court and the Court having found, upon a comparison of such labels, that they are so distinct that ordinary attention by a purchaser of the packages in question would enable him at once to discriminate the products of the plaintiffs from those of the defendant; and it further appearing that the plaintiff's entire cause of action, as asserted in its petition, is based upon the proposition that the label used by the defendant so resembles the label used by the plaintiffs as to mislead and deceive purchasers of potato chips; and it further appearing to the Court, from an examination of the two labels so made a part of the pleading, that they are so distinct and dissimilar that any person exercising such reasonable care and observation as the public generally are capable of using and may be expected to exercise would not mistake the one for the other, the packages of the defendant being branded on the front and top with the name of the defendant in letters approximately two inches high on a package the total height of which is approximately eight inches, the Court is of the opinion, as a matter of law, that the package of the defendant as pleaded by plaintiff plainly shows an intention of identifying his products as his own, and that, as a matter of law, in view of the dissimilarity of the labels, and the plain use by the defendant of his own name on his package, there is no infringement, the Court is of the opinion that the exception is well taken; it is accordingly ordered that it be, and it is, hereby sustained, and the petition is ordered dismissed at plaintiffs' cost.

"The plaintiff is given leave to amend within thirty days from this date."

Facsimiles of the respective labels of the parties, so recited to have been a part of the appellant's petition, are likewise appended hereto and made a part of this opinion.

(Dentler Maid Saratoga Chips)

EXHIBIT "A".

770

(Fuller's New Method Potato Chips)

EXHIBIT "B".

In protest here against the decree so adverse to it below, the appellant-partnership presents two contentions:

(1) The trial court erred in sustaining the special exception, and in holding that its petition did not state a good cause of action for the injunction sought, at least to the extent of "raising an issue of fact over whether or not appellee's design and ensemble is an infringement upon appellant's registered design and ensemble, as well as whether or not appellee had been guilty of unfair competition, with resulting damages to appellant";

(2) "In passing upon the sufficiency of appellant's petition, in the face of such special exception, the Court was required to concede the truth of what is alleged in the pleading objected to."

■ Neither of these presentments, it is determined, should be sustained. Dis-

posing of the procedural one first, it is held that new Rule 90, Texas Rules of Civil Procedure, having expressly repealed pre-existing district and county court Rule No. 17, wiped out all such presumptions of fact and reasonable intendments, as the appellant's quoted second point so contends for; in other words, the general demurrer having been completely abolished by that rule, the burden was thereby left upon a plaintiff to sustain his pleadings, as against a special exception, by pointing to specific allegations of fact sufficient to sustain it, as distinguished from such conclusions of law and opinion as were formerly indulged in its favor. Franki, Vernon's Rules of Civil Procedure, Annotated, page 134; Rules of Civil Procedure, No. 90; Old District & County Court Rules, No. 17.

■ It seems clear also that the substantive question of whether or not a good cause of action for permanent injunction, as for an infringement, was properly decided in the negative, especially so, since the mere use by the appellee of his own rival label or design was the sole basis for the alleged "infringement, with resulting damages to appellant", he charging no other nor different act from which either infringement or unfair competition was even claimed to have resulted.

That being true, a facsimile of each of the respective labels having been made an integral part of the trial petition itself, the trial court, under well settled authority, was vested with the power to construe the two documents alongside each other with a view to determining, as a matter of law, whether they "would probably be mistaken [for each other]", as our Texas Statutes, R.S. Article 851, puts it, or whether, on the other hand, "the form of the printed words, the words themselves, and the figures, lines, and devices were so similar that any person with such reasonable care and observation as the public generally are capable of using and may be expected to exercise would mistake the one for the other."

The last copied rule was that quoted with approval by our Supreme Court in Caffarelli Bros. v. Western Grocer Company, 102 Tex. 104, 127 S.W. 1018, at page 1020, from Gilman v. Hunnewell, 122 Mass. 139, at page 148. In closing that opinion, and applying that rule as the law in trademark cases in Texas, while holding the question of infringement' or

not ordinarily to be one of fact to be submitted to the jury, and particularly so under the facts in that case, the court further said: "Of course, there might be such unquestioned similarity that a court would be justified in telling the jury as a matter of law that the one was an infringement of the other, but such is not the evidence in this case."

It is thought that the converse of that declaration was necessarily implied therein, that is, that there might be such unquestioned dissimilarity that a court would be justified in telling the jury as a matter of law that the one was not an infringement of the other, and it seems clear here that this was such an instance.

■ It is true, as the appellant firm earnestly urges, that its label, imprint, design, or trademark had been registered, prior to the beginning of the appellee's use of his, under the Texas Statutes, especially Articles 850 and 851, Vernon's Texas Civil Statutes, referred to supra, and that it bases its right under that registration as a whole rather than any particular color, word, design, or device therein; but, as already indicated, neither the Texas Statutes permitting the filing of such trademarks, nor the rule of law so declared by our courts, relieved it of the burden of showing that its rival's challenged one, likewise taken as an entirety, was so similar as would probably be mistaken for its own by any person in the exercise of such reasonable care and observation as the public generally can and may be expected to exercise.

If the conclusions stated be the law of the case, this opinion need not be further extended.

■ A somewhat similar application of the rules affecting unfair competition, rather than trademark infringement, which was not specifically involved, came before this court in Henke & Pillot, Inc., v. Hanovice, reported in 77 S.W.2d 303, 305, where the right to the use of one's own name was perhaps the main question involved. It was there held, as has been quite generally done, that ordinarily the question of law for the court to determine is this: "Are the two names so similar that a person, using such care as the public in general may be expected to exercise, would by mistake deal with one when he intended to deal with the other?"

That rule, it is thought, when thus paraphrased, may be declared, under the authorities herein cited, to be the rule of law controlling this particular controversy, to-wit: Are the two labels, designs, or trademarks, when considered as a whole, so similar that a person, using such care as the public in general may be expected to exercise, would by mistake deal with one when he intended to deal with the other?

■ It seems clear to this court that the two designs so appearing in this record in their entirety as the very basis of the controversy are, assuming the exercise of due care so incumbent upon every ordinary person and member of the public in purchasing such goods, so entirely dissimilar, unlike, and even distinctive, in the insistence on the face thereof of each owner's different identity and bid for personal patronage, that the wayfaring man would not probably be deceived thereby into "mistaking the one for the other."

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.