**SUNILAND FURNITURE CO. v. SUNNY- LAND WHOLESALE FURNITURE CO. et al.**

No. 14261.

Court of Civil Appeals of Texas. Dallas.

Nov. 17, 1950.

Rehearing Denied Dec. 15, 1950.

Thompson, Knight, Wright, Weisberg & Simmons, of Dallas, and Murfee & Crystal, of Houston, for appellant.

Nathaniel Jacks, of Dallas, for appellees.

CRAMER, Justice.

Appellant Suniland Furniture Company, a Texas corporation, which (with its predecessors) has for the past 22 years been engaged in the retail furniture business in Houston, brought this action in the trial court against appellees Sunnyland Wholesale Furniture Company, a Texas corporation, which, since June 26, 1946, has been engaged in the wholesale furniture business in Dallas, and Ira Wallenstein and Donald Presser, its managing officers and directors, seeking a permanent injunction restraining appellees from using the name "Sunnyland," or any other name substantially identical to appellant's name, on their stationery or other printed matter, in advertising or in soliciting trade, as a part of their company name, or in any other connection with their business; from conducting their business in an "unfair and fraudulent manner"; from infringing upon appellant's registered trade-name and trade-mark, and from using any other name in connection with their business that is substantially identical to appellant's name; and for general relief. Appellees answered by general and special denials; that they were engaged solely in wholesale furniture business,—while appellant is engaged in retail furniture business, and therefore not in competition with each other; that their lines of furniture are of a much less expensive class than those sold by appellant, and, being of a different class, are not competitive; that there is no such similarity in their names as to cause ordinarily prudent persons to mistake them; pled estoppel by appellant to claim it was in the wholesale furniture business, or that their names were so identical as to infringe upon or damage each other; denied that the name is descriptive of Houston, or that the spelling used by appellant is subject to be exclusively appropriated; also that others in Houston engaged in lines of business other than furniture, have the word "Suniland" in their business name.

On a trial, the jury found in answer to special issues that: (1) There is no such similarity of names involved as "that a reasonably prudent person exercising such reasonable care as the public is capable of using, and may be expected to use, would in reasonable probability be misled into believing defendants' business was connected with plaintiff's business"; (2) that appellees' name was not adopted by them "with the intention of misleading persons dealing with either" appellant or appellee; (3) that appellant was not "engaged in the wholesale furniture business prior to June 6, 1946'"; (4) is not now engaged in the wholesale furniture business to such an extent as to be in competition with the wholesale furniture business of appellees; and (5) that the parties do not "deal in the same type and class of goods and merchandise."

After overruling appellant's motion for judgment non obstante veredicto, the trial court entered a take nothing judgment from which appellant has duly perfected this appeal.

Appellant briefs five points, the first three of which will be considered together. These points assert that appellant's motion for instructed verdict and for judgment non obstante veredicto should have been sustained because: (1) There is such similarity between their names, trade-mark, and forms of advertising, that, as a matter of law, the public will be deceived and confused; (2) the uncontroverted evidence shows appellant's prior use of its name, and that the appellees appropriated the distinctive part thereof in their business; (3) and that appellees' use of appellant's name "has resulted in actual confusion to the public."

The record reflects that since 1927 appellant has conducted its furniture business in Houston and has grown from a small beginning in an old home, to the place

676

where it now employs 180 people and is one of the largest and best known retail furniture companies in its trade territory— which appellant claims covers the entire state; that in 1948 the firm did a gross business of over three and one-third million dollars, and in the years 1939 to 1949, inclusive, spent $450,000 in advertising its name and business; that appellees were incorporated in June 1946, and since that time have conducted a wholesale furniture business over the State of Texas under the name of Sunnyland Wholesale Furniture Company; that on September 27, 1946, appellant made demand on appellees to discontinue the use of the name "Sunnyland" in their business; which demand, and repeated demands since that time, have been ignored by appellees; that appellant is primarily a retailer, and appellees primarily a wholesaler of furniture, but that appellant has in the past sold and is now selling at wholesale, and intends to enter the wholesale field to a greater extent in the future; that appellee Presser lived in Houston and worked for other furniture concerns there for five years immediately before he moved to Dallas and incorporated the Sunnyland Wholesale Furniture Company; that on October 11 and November 8, 1946, appellant filed and registered with the Secretary of State of the State of Texas, in three separate filings, the word "Suniland" in script, in block letters, and by using a picture of a chair, etc.; each to cover furniture and upholstering.

Several persons connected with wholesale and retail furniture business testified, in effect, that the names involved here had been misleading to them; in one instance, a freight company in answer to appellee's auditor's request, sent a list of claims against it made by appellant to appellee's auditor, with copy to Sunnyland Wholesale Furniture Company, Houston, Texas, which copy was by the postal authorities delivered to appellant at Houston; that a North Carolina chair manufacturing company addressed a letter to the Sunnyland Wholesale Furniture Company at Houston, Texas; that a Corpus Christi furniture store addressed a letter to Sunnyland

Furniture Company, Houston, Texas, which, when received, proved to be about a transaction with appellee; a Schulenburg, Texas, furniture company returned some damaged merchandise it had purchased from appellee, addressing the shipment to the Sunnyland Furniture Company, Houston, Texas. As opposed to this, several salesmen testified that they had heard of no confusion in the names; a Dallas retail furniture man testifying that he had not been confused by the names. The pictures of the several trade-marks, and the sign on the location of appellees' place of business in Dallas, were all placed in evidence before the jury.

■ The test, under the facts above related, is whether the similarity of names, trade-marks, etc., used by the parties, is such as to mislead customers. McCarley v. Welsh (by this Court), 170 S.W.2d 330; Caffarelli Bros. v. Western Grocer Co., 102 Tex. 104, 127 S.W. 1018; George H. Dentler & Sons v. Fuller's Food Products, Tex.Civ.App., 183 S.W.2d 768 (error ref. w. o. m.). Such question is ordinarily for the trier of the facts. Dilworth v. Hake, Tex.Civ.App., 64 S.W.2d 829 (error dis.); Dallas Plumbing Co. v. Dallas County Plumbing Co. (by this Court), 253 S.W. 308; Plaza Co. v. White, Tex.Civ.App., 160 S.W.2d 312 (error ref.); Marshall Mfg. Co. v. Verhalen, Tex.Civ.App., 163 S.W.2d 665 (error ref. w. o. m.).

■ The evidence here, under the cited authorities, makes the question one of fact for the jury, and their finding is binding as against the attacks here made against it. Points 1 to 3, inclusive, are overruled.

■ Point 4 asserts that the verdict is against the overwhelming weight of the credible testimony. We have examined all the evidence and cannot say that this contention is correct, or that the jury abused its discretion in its determination of the facts. Point 4 is overruled.

■ Point 5 asserts that the registration of the trade-mark, trade-name, etc., entitled appellant to the injunction sought. Where the names, as here, are not identical, the rule as to similarity is the same

under Art. 851, Vernon's Ann.Civ.St., as in a proceeding to enjoin unfair competition. What we have said in passing on points 1 to 3, inclusive, is therefore applicable here, and the findings of the jury against appellant settled the question. Point 5 is overruled.

The appellant, in the face of the jury findings here, could only recover under the dilution doctrine, but such doctrine is not followed in Texas. 28 Texas Law Review, and cases there cited.[1]

In view of the holdings of our courts, there is no error in the judgment below.

Affirmed.

---

**1.** The writer of the note in 28 Texas Law Review 283, recommends legislation adopting the dilution doctrine in Texas.