## ROGERS et al. v. BROUGHTON.
### No. 10071.

Court of Civil Appeals of Texas. Austin.
July 2, 1952.

Rehearing Denied July 30, 1952.

Scott, Wilson & Cureton, Frank M. Wilson, Waco, for appellants.

Clark & Seley, Harold Clark and Martin D. Eichelberger, all of Waco, for appellee.

HUGHES, Justice.

This is an unfair competition suit in which appellants S. J. and N. J. Rogers, doing a general retail optometry and optical business in Waco, Texas, under the trade name "Texas State Optical Company" sued appellee, Jerome W. Broughton, who is engaged in the same business in Waco under the trade name "Texas Optical Company"

to enjoin the use of such name in connection with such business on the ground that it infringes upon appellants' prior appropriation of the name "Texas State Optical Company."

Appellants alleged that the word "Texas" as used in their trade name had acquired a secondary meaning and to the general public such trade name had come to denote their particular business and the excellence of their service and the high quality of their goods and that the name "Texas Optical Company" was so similar to their trade name as to mislead, confuse and deceive the public to such an extent that the public in general would be lead to believe that the business conducted by appellee was actually the one operated by appellants.

A single issue was submitted to the jury asking if the use by appellee of the trade name "Texas Optical Company" constituted, as to appellants, unfair competition. The answer was "no."

"Unfair competition" was defined in the charge and no objection thereto was filed.

Upon this verdict judgment was rendered for appellee.

Appellants' first two points are to the effect that the two trade names in question are so similar that, as a matter of law, appellee's use of the name "Texas Optical Company" created a likelihood that the ordinary purchaser would be deceived, misled and confused and hence constituted unfair competition.

We are unable to agree.

In Dilworth v. Hake, Waco, Tex.Civ. App., 64 S.W.2d 829, 830, Alexander, Justice, writ dism., the Court held that the names "T. M. Dilworth Abstract Company" and "Dilworth Abstract Company" were not so similar as to constitute unfair competition as a matter of law, the Court saying:

"It was a question of fact for the jury as to whether the use of such name by appellee in the manner shown by the evidence was calculated to mislead the public."

In Plaza Co. v. White, San Antonio, Tex. Civ.App., 160 S.W.2d 312, 314, writ ref., the Court in considering the names "The Plaza Hotel" and the "White Plaza Hotel" in an unfair competition case said:

"It is true of this case, as of most cases of a similar nature, that 'what degree of resemblance between the names or devices is sufficient to warrant the interference of a court in cases of this kind is not capable of exact definition. It is, and must be, from the very nature of the case, mainly a question of fact, to be determined by the circumstances appearing in each particular case.' Computing Cheese Cutter Co. v. Dunn, 45 Ind.App. 20, 88 N.E. 93, 95, quoting from Atlas Assurance Co. v. Atlas Insurance Co., 138 Iowa 228, 112 N.W. 232, 114 N.W. 609, 15 L.R.A.,N.S., 625, 128 Am.St.Rep. 189."

In Suniland Furniture Company v. Sunnyland Wholesale Furniture Company, Dallas, Tex.Civ.App., 235 S.W.2d 674, writ ref., a jury finding that there was not such similarity in the two names, by which the case is styled, as to constitute unfair competition was sustained.

See also Dallas Plumbing Company v. Dallas County Plumbing Co., Dallas, Tex. Civ.App., 253 S.W. 308.

It would serve no useful purpose to review the many cases cited by the parties as the names involved are not the same as those here.

█ The two names before us are not identical. They do not sound alike. They do not look alike. There is, of course, a similarity, but whether this is so strong as to in all reasonable probability mislead and deceive the prospective patrons of the businesses concerned is, we believe, a matter for jury determination.

Appellants' third point is that the verdict of the jury is against the "overwhelming preponderance of the evidence."

Decision of this question is not required since we are reversing the case for improper jury argument but in view of another trial we will briefly discuss the evidence.

Seven witnesses testified for appellants that they were in varying states of con-

fusion over the two names. Appellee offered four witnesses who testified to a lack of confusion.

There was no evidence that anyone desiring the services offered by appellants and appellee had actually gone to one place believing it was the other.

■ Considering the evidence as a whole and the fact that Waco is quite a large city we do not believe that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust.

Appellants' fourth point is that the verdict of the jury is against the undisputed evidence.

This point is overruled. See Ravel v. Couravallos, Tex.Civ.App., 245 S.W.2d 731, where we held, in a case of this character, that even though the evidence as to confusion was uncontradicted the question was still one of fact for the jury.

Appellants' last point complains of prejudicial jury argument on the part of appellee's counsel. This point is sustained.

The trial judge certified to the following:

"Be it remembered, that upon the trial of the above cause, during the opening argument of defendant, Winthrop Seley, attorney for defendant, made the following argument to the jury:

" 'Some of the witnesses that have been on the stand, which Mr. Wilson tells you, have all come up here—and there has been no denial they are all confused, they thought the Texas State Optical Company was opening a place of business in Waco. He would have you believe all these people found out there was a lawsuit up here, where the Texas Optical Company was filing a lawsuit, and they were coming up here and testifying and telling you gentlemen they were confused.

" 'Gentlemen, I don't recall—and I believe I am correct in this—did a one of these witnesses become confused? Every one testified they were patients of the Texas State Optical Company. Did a one of them on that witness stand tell you they had ever been in the Texas Optical Company? If they were so confused, gentlemen, why is it they have not been in the Texas Optical Company —wait a minute, I am in the wrong place, that's not where I got my glasses fitted or adjusted, or got my eyes tested'. Not a one of them has been in there to have their eyes tested. I can't see if they were confused, and if they were not interested, they would have either ascertained their mistake, if any, by going in that other place of business —which I state they never have been in, if they were not interested. I have heard many witnesses; and you gentlemen have had the experience yourself — "I have never been in the Court House before, don't call me for a witness, I don't want to go in the Court House; I pay my taxes, but I don't want to go in there". If they were not interested, and if they were not paid to come up here, by Dr. Rogers, why do you think they came up here and took the witness stand?'

"That immediately upon the making of such argument to the jury, plaintiffs' counsel in open court objected on the ground that the argument was far out of the record, was inflammatory and prejudicial, and that there was no testimony upon which such an inference could be based; and after objecting to the argument, moved the court to instruct the jury not to consider the argument, which was by the court overruled, to which plaintiffs excepted."

Among appellants' witnesses were a State Senator, a State Department of Public Welfare employee, a Deputy County Clerk of McLennan County, and a Texas Power and Light Company employee. No effort was made to impeach any of appellants' witnesses.

In Airline Motor Coaches v. Campbell, San Antonio, Tex.Civ.App., 184 S.W.2d 532, 533, 534, writ ref. w. o. m., the Court held the following argument of counsel to constitute reversible error:

"I don't know, Gentlemen of the Jury, whether somebody greased his

palm or not, but I will say when he was in this court house, and after they didn't put him on, I will say something happened when he testifies like he did."

In Southwestern Greyhound Lines v. Dickson, Tex.Sup., 236 S.W.2d 115, 119, the Court said:

"Undoubtedly there is no absolute rule against expressing even a highly unfavorable opinion of an opposing party or witness. Davis v. Hill, Tex. Com.App., 298 S.W. 526. But the salutory right of counsel thus to speak his mind is subject to obvious limits, which excessive language may exceed—either by connoting an idea or fact without support in the record or by its very character as inflammatory. That these limitations apply to attacks on opposing counsel and witnesses as well as those on opposing parties has, for good reason, rarely been questioned. While argument otherwise excessive or improper under the above rules has been held justified by similar argument or other type of 'invitation' previously emanating from the opposing side, obviously this is so only when the relation between the argument under attack and the alleged provocation is one of reason and fairness."

In our opinion the bounds of propriety were exceeded when counsel strongly intimated that all of appellants' witnesses testified solely from self-interest and without regard for the truth when there was nothing in the record to warrant such defamation.

Appellee's attempt to justify such argument because one of appellants' counsel in open court and in the presence of the jury stated to one of their witnesses "If you have any expenses in coming here, if you will present us with a bill, we will be glad to take care of it" is unavailing.

There is no gain in recouping one's expenses and the payment of expenses to a witness does not make him an interested or paid witness.

Considering the record as a whole our best judgment is that as a result of the improper argument of counsel appellants probably suffered prejudice.

The judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.